Morrison *v.* Jewell.

---

Morrison & al. *versus* Jewell & al.

To a note, given for land conveyed by a warranty deed, it is no defence, either in whole or in part, that the title to the land has *partially* failed.

But, after the death of the payee and insolvency of his estate, the maker of the note, in a suit against him by the administrator, is entitled, *under the insolvency laws*, to set-off the breach of covenant against the note.

To this set-off he is entitled, although his claim may not have been filed before the commissioners of insolvency.

An indorsee, who purchases the note with knowledge of the partial failure of its consideration, takes it subject to the same right of set-off.

On Facts agreed.

Assumpsit by the indorsees against the makers of a promissory note.

By agreement of parties, the case was to be nonsuited, defaulted or to stand for trial, as the Court should determine.

The opinion of the Court, SHEPLEY, C. J., WELLS, HOWARD, RICE and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The suit is upon a promissory note made on October 26, 1846, by the defendants, payable to Wadsworth Bolter or order, in part payment for land at that time conveyed, or attempted to be conveyed, by Bolter to them. There is in the deed of conveyance a recital, that the principal tract of the land had before been conveyed to Wadsworth Bolter and Amos Bolter, and that Wadsworth was to procure from Amos a conveyance of his interest, and that the title thus procured should enure to the defendants.

Such a deed does not appear to have been obtained; and it is agreed, that the defendants have not acquired any title to one undivided half of that tract of land.

A partial failure alone of title to land conveyed, constitutes in this State no defence to a note given in payment for it.

This case presents other and additional elements, that must be regarded in coming to a decision upon the rights of the parties.

The payee of the note died during the year 1848; and an administrator on his estate was appointed, who represented it to be insolvent; and it is admitted, that it was deeply insolvent. This note came to the hands of the administrator as part of the assets of that insolvent estate. It was sold at auction by him after notice publicly communicated, that the defendants refused to pay it on account of the facts now exhibited. The plaintiffs purchased it with the same information. They are therefore in a situation no more favorable for a recovery, than the administrator would have been.

In a suit by the administrator of that insolvent estate, the defendants would have been entitled to present their claim for damages for breaches of the covenants contained in their deed of conveyance; and to have any amount justly due to them set off against the amount due upon their note, although they had neglected to file their claim before the commissioners of insolvency. *Knapp* v. *Lee,* 3 Pick. 452.

No set-off of such claims could have been allowed, if both parties had been alive.

When one has deceased and his estate has been represented

to be insolvent, all existing claims are to be set off and a final balance is to be ascertained. *Medomak Bank* v. *Curtis*, 24 Maine, 36.

The defendants have now the like rights in a suit upon the note by those, who have purchased it with a full knowledge of the facts.

According to the agreement of the parties the case is to stand for trial.

*Morrison*, for the plaintiffs.

*Tallman* and *Bowker*, for the defendants.