## SMALLEY v. TRAMMEL'S ADM'R.

Where there are mutual debts between two individuals, and one dies, the survivor is entitled to plead his claim as a set-off, to an action brought by the administrator, on the claim due the deceased ; and, in such a case, it is not necessary that the set-off should have been presented to the administrator, and refused.

Error from Fayette. Smalley was indebted to Trammel by note, and Trammel was indebted to Smalley on account, in a less amount—both under $100. Trammel died, and his administrator sued Smalley on the note, before a Justice of the Peace. Smalley appeared and pleaded his account, in set-off. The Justice ruled out the set-off. The set-off was supported by affidavit, but had not been presented and refused. Smalley filed his petition, stating the above facts, and obtained a *certiorari*, which was afterwards dismissed on motion of the plaintiff, Trammel's administrator.

*J. A. Green* and *Fred. Tate*, for plaintiff in error.

*Webb & Harcourt*, for defendant in error.

HEMPHILL, CH. J. From the petition for *certiorari*, it appears that the plea of off-set, filed by the plaintiff in error, was overruled by the Justice, on the ground that a debt due by an intestate, in his lifetime, was not the subject of a set-off, in a suit by his administrator.

The very reverse of this has been the established law, decided and recognized, for at least twelve years past. The identical question was raised in the case of Morton v. Gordon and Alley, Adm'rs; (Dallam, 396;) and it was held that the set-off should be allowed—and the same doctrine may, no doubt, be found in subsequent cases, by any who may make the examination.

Smalley v. Trammel.

The debt, due on account, against the intestate, was contracted in his lifetime; and so far, it extinguished the debt due to him by the plaintiff in error.

It may be contended, that, as the plea of set-off is in the nature of a cross action, it could not be filed, unless the account had been previously presented to, and rejected by, the administrator.

The presentation of the claim, to the administrator, would have the effect of notifying him of the exact condition of the estate; and, in that respect, it would be very proper; but it is not essential to the validity of the claim. The ground on which the set-off is admitted, is that, to the extent of the discount, there is a mutual extinguishment of the demands of the respective parties—and, in the language of the case cited, why compel the plaintiff in error to proceed in the mode pointed out by the Act regulating the estates of deceased persons, "as, in justice, his demand was extinguished by that of the "intestate."

It appears from the petition, however, that the account was authenticated by an affidavit, in conformity with the statute. Judgment reversed and cause remanded.