## Wm. L. Mitchell, Jr. v. G. A. Rucker, Adm'r.

A defendant may plead in set-off, an account, consisting of items similar in their nature to those of the account upon which he is sued by plaintiff, as administrator, without having had the same duly authenticated and presented to the administrator, for allowance, as a valid claim against the estate of the intestate.

In such case, the defendant could not recover a judgment against the administrator, should his (defendant's,) claim prove the largest, but it would operate as an extinguishment of plaintiff's debt.

A plea of set-off, that defendant was the owner and holder, at the commencement of the suit, of a note executed by plaintiff's intestate to a third party, or bearer, with other averments fully describing the note, is insufficient upon general demurrer ; because it does not show that defendant acquired the note before the death of the intestate.

APPEAL from Ellis. Tried below before the Hon. Ed. H. Vontress. Appellee, as the administrator of Thomas O. Rucker, deceased, brought suit, on the 24th of Sept. 1855, against appellant, upon an open account, for the recovery of the sum of $430;

the bill of particulars of which, attached to the petition, was as follows, to wit:

"Wm. L. Mitchell, Dr. to Thomas O. Rucker.
In the fall of 1853, to fifty dollars, loaned money,    $ 50  00
April, 1854.  To one hundred and forty dollars, which
   was to have been appropriated in building a house, 140  00
August, 1854.   1 Buggy, to two hundred and fifteen
   dollars,   -        -        -        -        -        -  215  00
In 1854.   To twenty-five dollars, loaned money,    -    25  00"

On the 25th of October following, appellant filed his answer, denying that he was indebted to plaintiff's intestate, at the time of his death, in the said sum of money, or any part thereof.  He also pleaded, that "the plaintiff's intestate, Thomas O. Rucker, "in his lifetime, to wit, during the year 1854, the precise date "he does not remember, became and was justly indebted to "defendant, in the sum of two hundred and ninety-eight dollars, "for various articles and services furnished to, and performed "for said intestate, at his special instance and request, which said "articles and services are more fully described in the bill of par- "ticulars, herewith filed, marked Exhibit 'W,' and prayed to be "taken as a part of this answer; and was so justly indebted in "said sum of $290, at the time of his death, and his estate is "still justly indebted to defendant in said sum of money."  It was also averred in the said plea, "that plaintiff's intestate is justly "indebted to defendant, in the further sum of $163 35, as will "appear by a certain promissory note, payable to David S. "Files, or bearer, and executed by the said Thomas O. Rucker, "by the name of Thomas Rucker, on the 12th day of Septem- "ber, 1854, and due one day after date; and defendant says "that he is the owner of said note, for a valuable consideration, "and was the owner and holder of the same, at the commence- "ment of this suit, which said note is herewith filed, marked "Y, and prayed to be taken as a part of this answer; the defend- "ant pleads his debt aforesaid against said Thomas O. Rucker, "in re-convention, and prays judgment for his said debts of "461 35, &c."

Exhibit W.

"Thomas O. Rucker, to Wm. L. Mitchell, Jr., Dr.

1854. To 140 bushels of corn, at $1,00 per bushel, $ 140 00
"     "   10 bushels of wheat, at $1,00 per bushel,    10 00
"     "   50 lbs. of bacon, at 15 cents per lb.,         7 50
"     " 200 lbs. bacon, at 14 cents per lb.,     -      28 00
"     " Cash,           -        -        -             80 00
"     " 1 Saddle,            -        -        -        23 50
"     " Subscription paid State Gazette,     -          3 00
"     " Expenses at San Antonio, on business for
              Thomas O. Rucker,      -        -         6 00"

To which plea, the appellee filed a general demurrer, and the following special exceptions:

"1st. There is no averment that said claim has been proven "up and authenticated, as the law requires.

"2d. The said claim is not accompanied by the affidavit of "defendant, that he has allowed all just offsets, &c.

"3d. The answer does not show, that said claim was ever "presented to said administrator, for his approval or acceptance, "and that the same was rejected by said administrator, &c."

These exceptions were sustained by the court. The case proceeded to trial upon the other issues, and there was a verdict and judgment for the appellee, for the sum of $85.

*John W. Berry,* for appellant. The court manifestly erred in sustaining appellee's exceptions. (See Smalley v. Trammell, 11 Tex. Rep. 10.) There is no essential difference in the nature and character of the pleas of set-off, and re-convention; (Burrill's Law Dictionary, 868, 928;) both are in the nature of cross-actions, and are so defined by the books; and a plaintiff cannot take a nonsuit after either have been filed. (Egery v. Power, 5 Tex. Rep. 501; Wallcott v. Hendrick, 6 Tex. Rep. 406; Bradford v. Hamilton, 7 Tex. Rep. 55.) The appellant was not to blame for troubling the court with this suit; and if he did not see proper to authenticate and present his claim to the administrator, as he was the creditor on a settlement, and

was not permitted by the court to prove all his debts, even then the appellee certainly has no right to complain of it; and after being sued, the appellee had surely the right to defend himself, as other persons, without being compelled to hunt up the administrator in a distant county. The statute of March 20th, 1848, does not require the defence to a suit by an administrator, to be sworn to and presented, (Hart. Dig. Art. 1158, 1159,) and the statute (Hart. Dig. 222, 223,) gives the right to set-off and re-convene in general. A plea of re-convention, it is true, may sometimes reach what a set-off would not, (see Egery v. Power, *supra*,) but the plea in this case has all the elements of a genuine plea of set-off, under our statute of discounts and set-off.

*J. W. Ferris*, for appellee. The exceptions of plaintiff to defendant's plea in re-convention, were properly sustained. The defendant denied the allegation of plaintiff's petition, and averred that he never was indebted at all to the plaintiff's intestate, and brought a cross-action for an alleged indebtedness due him from the deceased. The ground on which a set-off is admitted, is, that to the extent of the discount, there is a mutual extinguishment of the demands of the parties: (Smalley v. Trammell, 11 Tex. Rep. 10.) The defendant's plea repudiates all idea of a mutual extinguishment, and sets up an independent action against plaintiff, as administrator. In the case of Coles v. Portis, 18 Tex. Rep. 155, there is an intimation, that it is unnecessary to aver in the pleadings, an authentication and presentment of the claim for approval. The reason for that intimation is given, in that, the refusal of the administrator to allow and pay the account, though often requested, is alleged. There is no such allegation in defendant's plea. On the other hand, defendant's claim is not a part of his plea, and shows no authentication, and no evidence of being rejected by the administrator. The plea must contain sufficient averment to show a right to sue. (Benton v. Williams, Dal. Dig. 496.) In Dean v. Duffield, 8 Tex. Rep. 235, the averment of the presentation of the claim was sufficient, and such an averment appears to be material in showing a right to sue. There is no such aver-

ment in this case. The exceptions were specially set forth; they were properly sustained by the court; and the defendant declined to amend.

ROBERTS, J.  The account pleaded in set-off, in this case, consisting of items similar in their nature to those of plaintiff's account, upon which the suit was brought, constituted a good defence to the action.  It is true, that defendant had not placed his claim in condition, to authorize him to recover a judgment against the administrator, should his (defendant's,) claim prove to be the largest.  Such excess he had no right to recover under the pleadings.  It was not necessary for defendant to have presented his account duly authenticated; but, without that, it operated as an extinguishment of plaintiff's debt to the extent that might be established, even to the full amount of plaintiff's demand. (Smalley v. Trammell, 11 Tex. Rep. 10.)

The allegations of the plea, in connection with the note set out in set-off, do not make it a valid defence; because it is not shown, that defendant acquired the note before the death of Rucker.  As to this part of the answer, the exception was properly sustained; as to the balance of the answer, (to the extent of plaintiff's demand,) the exception should have been overruled.  Judgment is reversed and cause remanded.

                              Reversed and remanded.