The Traders National Bank of San Antonio v. C. C. Cresson,
Administrator.

No. 6457.

1. **Setoff.**—A bank sued by an administrator for balance on deposit at death of the depositor may plead in offset a promissory note made by the deceased and owned by the bank at his death.

2. **Cases Adhered to.**—Smalley v. Trammell, 11 Texas, 11, and Mitchell v. Rucker, 22 Texas, 66, adhered to.

Appeal from Bexar.   Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Simpson & James*, for appellant. — 1. Where there are mutual debts, such as existed in this case, between banker and depositor, upon the death of the depositor the principle of setoff obtains in favor of the bank to the extent of the bank's matured claim, and this whether the depositor's estate be solvent or insolvent.   Int. Bank of Chicago v. Jones, 9 N. E. Rep., 885; Skiles v. Houston, 2 Atl. Rep., 31; Bolles on Banks, p. 378, "Setoff;" Morse on Banking, pp. 42, 45, *et seq.;* Water. on Setoff, 2 ed., pp. 22, 23, and notes.

2.   In this State the principle of setoff applies as well between individuals as between banker and depositor, and in a suit by an administrator against any individual (but particularly against a bank) the latter may plead his claim as an extinguishment *pro tanto* without pursuing the same in the Probate Court.   Mitchell v. Rucker, 22 Texas, 66; Smalley v. Trammel's Admr., 11 Texas, 10; Jordan v. Natl. Shoe and Leather Bank, 30 Am. Rep., 319; Water. on Setoff, pp. 22, 23, and notes.

*Tarleton & Keller*, for appellee. — 1. The purchase of promissory notes by the bank is *ultra vires* and it can acquire no right in the note by such purchase.   U. S. Rev. Stats., sec. 5136; Morse on Banks, pp. 7, 21–23; First Natl. Bank of Rochester v. Pierson, Thomp. Natl. B. Cases, p. 637; Farmers and Mechanics Bank v. Baldwin, 23 Minn., 168; S. C., Thomp. Natl. B. Cases, note p. 636.

2.   It is a maxim in pleading that everything shall be taken most strongly against the party pleading, or rather, that if the meaning of the words be equivocal, and two meanings of the words present themselves, that construction shall be adopted which is most unfavorable to the party pleading, because it is to be presumed that every person states his case as favorably to himself as possible.   1 Chitty on Plead., Rule 3, pp. 237, 545; Stephen on Plead., Rule 2, p. 378; Swisher v. Hancock, 31 Texas, 262.

3.   Upon the death of a depositor, there being no balance on general accounts, no over drafts, no discounts, no acceptances, or other species

of loans or advances from the bank to the deceased, the bank became trustee of the fund on deposit and holds the same subject to order of the administrator.

HOBBY, JUDGE. — C. C. Cresson, administrator of the estate of Charles H. Nash, deceased, sued the Traders National Bank of San Antonio to recover $1548.91, amount to the credit of said Nash on the books of said bank, it being the balance of a deposit made in said bank by Nash during his lifetime, and which balance was held by the bank to his credit at his death.

The bank answered, "that during the lifetime of Charles H. Nash and up to the time of his death he was a depositor at said bank, and at the time of his said death had a balance to his credit of $1548.91;" and further, that the bank "at the time of the death of said C. H. Nash held a note of the said C. H. Nash, dated February 8, 1884, in the sum of $14,412.12, payable to the order of C. T. Parker four years after date, with eight per cent per annum interest from its date, said interest payable on or before November 15, 1884, 1885, 1886, and at maturity; that said note was duly endorsed by the payee, Charles T. Parker, to this defendant for valuable consideration, and was at the death of Charles H. Nash and is now held by defendant."

The cause coming on for trial without jury, whereupon the court having heard the defendant's answer read, upon his, the court's, own motion held that the facts stated by defendant in his answer constituted no defense, and the defendant refusing to amend the court gave judgment for plaintiff—"the court ruling that the principle of setoff did not apply with reference to estates of deceased persons, and that any claim which defendant had against plaintiff must be propounded and enforced in the Probate Court." To which the counsel for defendant objected, for the reason that "the setoff pleaded by defendant was a complete answer to plaintiff's demand and a valid defense in this action."

The first assignment is that the court erred in declaring the facts set up in the amended original answer were no defense to plaintiff's claim, if true.

Second. The court erred in rendering judgment upon the facts, as shown by the petition and answer.

Third. The court erred in ruling that the principle of setoff does not apply between banker and depositor upon the death of the latter.

Fourth. The court erred in ruling that the bank could not assert the defense of setoff against plaintiff's demand, but was required to assert its claim in the County Court.

The debt pleaded in setoff appears from the answer to have been due from the appellee's intestate at the time of his death to the appellant, and having therefore been contracted in the intestate's lifetime, it ex-

tinguished, as far as it went, the claim sued on. And to the extent it so extinguished the claim sued on by the administrator, the defendant below was entitled to plead it in setoff. Smalley v. Trammell, 11 Texas, 11; Mitchell v. Rucker, 22 Texas, 66. The court therefore erred in holding that the facts stated by defendant in the answer constituted no defense.

We think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 3, 1889.