SIDNEY MARTIN ET AL. v. C. D. HARNETT & Co.

No. 108.

### 1. Trial of Right of Property—Default.

Between the passage of the Act of 1891 fixing appearance day as the second day of the term, and the passage of the Act of 1893, changing the time allowed the defendant for pleading from the fifth to the second day of the term. it was proper for the District Court to render a judgment by default in a "trial of right of property" case on the second day of the term. The amendment to article 1280, July 13, 1891, operated as a repeal of so much of article 1263 as was inconsistent with the amendment in allowing five days to the defendant in which to file answer ............................................................. 521

### 2. Same—Appearance—Default.

Articles 1280, 1281, and 1282, Revised Statutes, after the first of them was amended, in effect declared that the second day of a term should be appearance day; that on that day at each term cases in which citation had been served for the requisite period should be called in their order, and that upon this call plaintiffs should be entitled to judgment by default against defendants who had not filed answers........ 522

### 3. Same.

This rule obtains as to time for default in cases of trial of right of property, if the claim was made and oath and bond returned into court before the commencement of the term, whether this occurred five days before the commencement of the term or not; for in such cases defendant, who is the claimant, is not entitled to service ............... 523

### 4. Default in Trial of Right of Property.

Under the Act of 1887 (Revised Statutes, Sayles' edition, article 4843), where claimant to property levied upon makes claim under the statute, and makes default, judgment should be entered against such claimant fixing the amount of the claim of the plaintiff for which execution may issue, as well as ascertaining the value of the property levied upon........................................................... 523

**5. Same.**

The Act of 1887 amendatory of article 4843 had in view several purposes. (1) Judgment was to be entered for value of the property and interest. (2) Only one execution was to issue, the amount of judgment of each party being ascertained. (3) Priorities are to be declared where the amount of the several judgments is in excess of the value of the property ........................................................................ 524

CERTIFIED QUESTIONS from Court of Civil Appeals for Second District, in an appeal from Jack County.

*Stanley, Spoonts & Meek*, for plaintiffs in error.—1. Prior to the passage of the Act of 1891, hereafter referred to, article 1280 of the Revised Statutes provided that the fifth day of each term of the District Court was termed appearance day. Article 1263 of the Revised Statutes provided, that in all cases in which the citation had been personally served at least five days before the first day of the term to which it was returnable, exclusive of the day of service and return, the answer of the defendant should be filed in the District Court on or before the fifth day of the return term. In 1891 article 1280, before referred to, was so changed as to read, " The second day of each term in the District or County Court is termed appearance day." Acts 1891, p. 94. But there was no amendment of article 1263, in which the defendant was allowed until the fifth day of the term of court in which to file his answer. In 1893 said article 1263 of the Revised Statutes was so changed that thereafter it was provided, that in all cases in which citation has been personally served at least ten days before the term to which it is returnable, exclusive of the day of service and return, the answer of the defendant shall be filed in the County and District Courts on or before the second day of the return term, and before the call of the appearance docket on said day. The second section of said act provides, that " Whereas there is now a conflict between articles 1263 and 1280, and the crowded condition of the calendar and the large number of bills pending,   *   *   *   creates an emergency requiring an immediate passage of said act," etc.; thus giving a legislative construction to the position for which we shall contend in this case.

The first issue submitted is, whether or not it was proper to render a judgment on the second day of the term, in a trial of right of property case. Article 4835 of the Revised Statutes provides, that if the plaintiff appears, and the defendant fails to appear, or neglects or refuses to join issue under the direction of the court or justice within the time prescribed for pleading, the plaintiff shall have judgment by default. After the Act of 1893 took effect, a judgment by default in a trial of right of property case could properly be rendered on the second day of the term; but we respectfully insist that prior to the passage of said act, and after the Act of

1891, making the second day of the term of the District Court appearance day, it would be improper for the court to render a judgment by default in a trial of right of property case on the second day of the term of the District Court. The Act of 1891 was unquestionably in conflict with article 1263 of the Revised Statutes; but article 4835, with reference to judgment by default in trial of right of property cases, has no reference whatever to appearance day, but prescribes that judgment may be taken by default where defendant fails to appear within the time prescribed for pleading; and the only time prescribed for pleading, prior to the passage of the Act of 1893, was the fifth day of the term, as provided in article 1263. The question at issue is not whether a judgment in an ordinary case could be rendered on the second day of the term, but whether a judgment in a trial of right of property case could be rendered prior to the time prescribed by law within which the defendant was required to file his pleading in the District Court.

In the case of McKay v. Barlow, 4 Willson's Civil Cases, 299, the Court of Appeals held, that by reason of the conflict existing between article 1280 as amended in 1891, and article 1263 prior to the amendment of 1893, the defendant in any kind of a case had until the fifth day in which to file his answer, and that no valid judgment by default could be taken prior to the fifth day. In the trial of the case at bar before the Court of Civil Appeal of the Second Supreme Judicial District the same opinion was rendered.

2. Prior to the passage of the Act of July 4, 1887, it had been held that in a trial of right of property case it was proper to render judgment for the value of the property, with legal interest, without reference to the amount of the claim of the plaintiff in the writ against the original defendant. With a view to correcting the manifest injustice arising from this condition of affairs, the Legislature, in 1887, provided that such judgment shall be rendered in favor of the plaintiff in the writ, or several plaintiffs if more than one, and shall fix the amount of each plaintiff's claim; and in case such judgment shall not be satisfied by a return of the property as provided in article 4845, then execution shall issue thereon in the name of the plaintiff for the amount of his claim, or of all the plaintiffs for the sum of their several claims, provided the amount of such judgment exceed such claim or sum; and in such cases the excess of such judgment shall enure to the benefit of any person who shall show superior right or title to the property as against the claimant; but if such judgment be for a less amount than the sum of the several plaintiffs' claims, then the respective rights and priorities of the several plaintiffs shall be fixed and adjusted in the judgment. Acts of 1887, p. 104; Sayles' Civ. Stats., art 4843. The amendment of 1887 applies as well where there is one writ as where there are more writs than one. The provision is, that such judgment shall be rendered in favor of the plaintiff in the writ, or

of the several plaintiffs if more than one, and shall fix the amount of each plaintiff's claim; and further provides the execution shall issue in the name of the plaintiff for the amount of his claim. It was evidently the purpose of the Legislature to so arrange the law that a plaintiff would not be entitled to execution for more than the amount of his claim, because the defendant taking the property is entitled to it, except as against the claim of the plaintiff in the writ who levies upon it, and if there is an excess after satisfying that claim, the claimant is entitled to that excess; and the law wisely provides that the judgment in the trial of the right of property should fix the amount of the claim of the plaintiff in the writ, and that execution should only issue for that amount, and for no more.

*Ross, Chapman & Ross*, for defendants in error.—The first question is, whether under the Act of 1891 judgment by default could be rendered on the second day of the term. Under the Act of 1891 service was required to be had at least ten days before the first day of the return term, and changed the appearance day from the fifth to the second day of the term, but did not in express terms repeal article 1263, Revised Statutes. The latter article provided, that where citation had been served for at least five days before the return term, the defendant should file an answer on or before the fifth day of the term. It will be noticed that under this article, as well as under the Act of 1891, it was intended that the defendant should have at least ten days after service in which to answer. Under article 1363 service must be for at least five days before the first day of the term, and answer filed on or before the fifth day; under Act of 1891 service must be for at least ten days, and the second day of the term made appearance day. We are aware of no decision by this court construing the Act of 1891.

The trial courts throughout the State, so far as we know, rendered judgment by default on the second day of the term. The Supreme Court had held before the Act of 1891, that if defendant appeared on the fifth day, and asked for the day in which to answer, it would be error to refuse the time. In the case of McKay v. Barlow, cited by plaintiffs in error in their brief, the answer was filed on the second day, but after judgment had been rendered. The Court of Civil Appeals for the Third District has recently held that judgment by default was properly rendered on the second day.

The Legislature certainly intended that judgments could be rendered on the second day of the term. The presumption is that something was intended to be accomplished by the Legislature. The second day is expressly made appearance day. If you give it the construction claimed by plaintiffs in error, you have an appearance day on which the defendant may or may not at his pleasure appear. Under the old act he could

have appeared on the first or second day. This construction nullifies and renders wholly ineffectual the Act of 1891.

We respectfully submit that the several articles of the Revised Statutes applicable and the Act of 1891, taken together, show conclusively that the Legislature intended to make the second day of the term default day. No answer was ever filed in this case.

The remaining question is, Is a judgment rendered in a trial of right of property case, since the Act of 1887, valid if in conformity with article 4843, Revised Statutes?

It has been held that under that article, if the judgment was for more than plaintiff's demand, the claimant had his remedy by injunction to restrain the plaintiff from collecting more than his claim. Elser v. Graber, 69 Texas, 226; Bank v. Bates, 76 Texas, 329.

We submit that the two decisions above cited settle in our favor this question. Judge Henry, in the latter of said cases, says: "Before the amendment we think that a judgment rendered in terms of the statute should have been construed to have the same operation as the one provided for by the amendment."

The Act of 1887 was only intended to apply to cases where there were several writs levied on the property.

STAYTON, CHIEF JUSTICE.—Questions certified are:

"1. Between the passage of the Act of 1891, fixing appearance day as the second day of the term, and the passage of the Act of 1893, changing the time allowed the defendant for pleading from the fifth to the second day of the term, was it proper for the District Court to render a judgment by default in a 'trial of right of property' case on the second day of the term, under article 4835, which gives the defendant until 'the time prescribed for pleading' in which to appear and join issue?"

Article 4835 declares: "If the plaintiff appears, and the defendant fails to appear or neglects or refuses to join issue under the direction of the court or justice within the time prescribed for pleading, the plaintiff shall have judgment by default, as in other cases."

The person who makes claim to property levied upon is the defendant, and the statute does not require service upon him, but he stands in court at the first term after claim is made and the oath and bond returned as does every other defendant who has been served for the requisite period before the term begins.

Before the acts referred to in the question were passed, the statutes were as follows:

"Article 1280. The fifth day of each term of the District Court and the third day of each term of the County Court are termed appearance days.

"Article 1281. It shall be the duty of the court, on appearance day

of each term, or as soon thereafter as practicable, to call in their order all the cases on the docket which are returnable to such term.

"Article 1282. Upon the call of the appearance docket, or at any time after appearance day, the plaintiff may take judgment by default against any defendant who has been served with process and who has not previously filed an answer."

"Article 1263. In all cases in which the citation has been personally served at least five days before the first day of the term to which it is returnable, exclusive of the day of service and return, the answer of the defendant shall be filed in the District Court on or before the fifth day of the return term, and in the County Court on or before the third day of the return term."

It is evident that the last article and article 1280 relate in part to the same subject, and that together they declared within what time a defendant who was under obligation to answer at a given time must do so, and declare that day to be appearance day.

Before any change was made in article 1280, a person who had made claim under the statute to property levied upon was under obligation to appear and join issue on or before the fifth day of the term succeeding the making of the claim, and if he failed or refused to do so, judgment by default might be rendered against him.

Article 1280, however, was so amended by the Act of July 13, 1891, as to read, "The second day of each term of the District or County Court is termed appearance day;" but article 1263 was not expressly repealed, nor was it amended in terms until this was done by the Act of March 20, 1893, when it was so amended as to conform to article 1280 as amended.

It is claimed that until article 1263 was so amended, it remained in full force, and that judgment by default could not be taken against a defendant until the expiration of the time within which by it he was under obligation to answer.

Article 1263 fixed the period of citation before the beginning of a term necessary to put a defendant subject to default if he failed to answer at the next term after service was made, and in so far remained in force until it was amended.

It also fixed the time within which a defendant, who had been cited for the requisite period before a term began, was required to file an answer; but did not in terms declare that on failure so to file an answer judgment by default might be entered against him.

That was regulated by articles 1280, 1281, and 1282; and after article 1280 was so amended as to make the second day of the term appearance day, there was a conflict between them and so much of article 1263 as prescribed the time within which a defendant should answer; and in view

of this conflict, the later law must be held to have repealed so much of the former as was in conflict with it.

Articles 1280, 1281, and 1282, after the first of them was amended, in effect, declared that the second day of a term should be appearance day; that on that day at each term cases in which citation had been served for the requisite period should be called in their order, and that upon this call plaintiffs should be entitled to judgments by default against defendants who had not filed answer.

Right to a judgment by default on the second day of a term is inconsistent with the right of a defendant to answer on the fifth day, and thus avoid default, in the absence of something in the statute showing intention to make the judgment by default only interlocutory.

That a defendant has right to answer at any time before judgment by default is taken, is well settled; and if a defendant appears on the second day of a term and asks for the entire day to answer, it might be proper to grant the request, if this be shown to be necessary; but in the absence of such a request, judgment by default could be properly rendered on the second day of a term, after article 1280 was amended, in all cases in which citation had been served five days before the commencement of the term.

This rule applied, as to time for default, in cases of trial of right of property, if the claim was made and oath and bond returned into court before the commencement of the term, whether this occurred five days before the commencement of the term or not, for in such cases the claimant is not entitled to citation.

The second question certified is: "Should a judgment by default in a 'trial of right of property' case under the Act of 1887 (2 Sayles' Civil Statutes, article 4843), fix the amount of the plaintiff's claim for which the execution is to issue, there being but one writ levied, as well as the value of the property for which judgment is rendered against the claimant?"

The law, as it existed before the act referred to, declared, that "In all cases where any claimant of property under the provisions of this title shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest from the date of such bond;" and under that law the judgment could be satisfied by return of the property to the officer, or if the judgment was for a larger sum than was due the plaintiff, by paying the sum due and costs incurred on trial of right of property.

The act referred to in the question certified was amendatory of the law as above stated, and the amendment consisted of an addition to that law as follows: "Such judgment shall be rendered in favor of the plaintiff in the writ, or of the several plaintiffs if more than one, and shall fix the amount of each plaintiff's claim; and in case such judgment should not

be satisfied by a return of the property as provided in article 4845, then execution shall issue thereon in the name of the plaintiff for the amount of his claim, or of all the plaintiffs for the sum of their several claims, provided the amount of such judgment exceed such claim or sum; and in such cases the excess of such judgment shall enure to the benefit of any person who shall show superior right or title to the property claimed as against the claimant; but if such judgment be for a less amount than the sum of the several plaintiffs' claims, then the respective priorities of the several plaintiffs shall be fixed and adjusted in the judgment."

The amendment had in view several distinct purposes.

The judgment directed to be entered is for the value of the property claimed, with interest from date of the claimant's bond; but that would give no information of the sum due to a person or to each of several who had caused the property to be seized, which it is important for the clerk to have before he can properly issue execution, which ought on its face to show what a single plaintiff is entitled to, or when there are several plaintiffs, to show what sum each of them is entitled to. This would be necessary for the information of a sheriff whose duty it would be to pay to each plaintiff the sum due to him when collection was made under execution.

That there might be no uncertainty about these matters, the amendment requires the judgment to fix the amount of a single plaintiff's claim, or of the several claims of two or more plaintiffs, by which the sum for which execution shall issue may be ascertained from the judgment itself.

The amendment was further intended to authorize the issue of only one execution to enforce the judgment, although there were several plaintiffs entitled to payment out of the sum to be collected under it.

A further purpose of the amendment was to require the judgment to fix priorities of each plaintiff, when there were more than one, if the judgment, based on the value of property claimed and interest, was for a sum less than that due to all.

What effect on appeal or writ of error should be given to the failure of a court to fix by its judgment the sum due to a single or to each of several plaintiffs, is a question not certified.

Delivered April 2, 1894.