J. R. FLEMING ET AL. v. J. C. STANSELL ET AL.

Delivered May 30, 1896.

**1.  Setoff—Joint and Several Demands.**

A joint and several debt against two or more may be offset against a debt due either of them.

**2.  Same—Assignee of Judgment.**

The assignee of a judgment recovered in an attachment suit, with notice that the property in controversy had been taken and converted by a third person under a claimant's bond for the trial of the right of property, takes it subject to any existing defenses, including that of setoff, to a judgment on the claimant's bond which could have been urged against the assignor.

**3.  Same—Action Upon Claim Bond—Liquidated Damages.**

The statutory action on a claimant's bond for trial of the right of property is not one for unliquidated damages, as to the right of setoff, where the amount sought to be recovered is agreed upon, and is determined by a judgment in plaintiff's favor in another action, so that only the statutory penalty on the bond is to be added.

**4.  Same—Setoff in Trial of Right of Property.**

Where, in the statutory trial of the right of property, it is shown that plaintiff is insolvent and a non-resident, owning no property within the jurisdiction of the court except the claim then in suit, the defendant may setoff against defendant's claim on the bond a debt due to himself by the plaintiff.

ERROR from Eastland. Tried below before Hon. D. K. SCOTT, Special Judge.

*Moore & Mack,* for plaintiff in error.—1.   If it be conceded that this was a special proceeding for the trial of right of property (which is not admitted, but expressly denied), then under our practice, which abhors a multiplicity of suits, all possible controversies between the same parties may, on the authority of Howard v. Parks, 1 Texas Civ. App., 606, be settled in this one proceeding.   Especially should this be permissible where the party against whom the relief is sought is a non-resident

of the State and totally and hopelessly insolvent. Duprey v. Ullman, 78 Texas, 341; Clegg v. Varnell, 18 Texas, 304; Castro v. Gentilley, 11 Texas, 28; Pond v. Smith, 4 Conn., 297; Robbins v. Holley, 1 T. B. Mon. (Ky.), 191; Lindsey v. Jackson, 2 Paige (N. Y. Chan.), 581; Gay v. Gay, 10 Paige (N. Y.), 369; Quick v. Linon, 105 Ill., 578; 1 Pom. Eq. Jur., sec. 189.

2. The court erred in his third conclusion of law in holding that the defendant Fleming could not setoff plaintiff's demand by his notes, on the ground that plaintiff's cause of action was unliquidated demand in this, because plaintiff's demand was liquidated and made certain by his judgment against J. E. Pritchard and by the statute fixing the amount of damages he could claim in addition to the amount of such judgment.

3. The court erred in his third conclusion of law, in so far as he rested his conclusion against defendant's right to insist upon his offset or counter-claim on the ground that said setoff or counter-claim was in no manner incident to or connected with plaintiff's claim or demand, and because, whether such facts are true or not, the same are immaterial. A party is entitled to plead any setoff, provided that the holder could, at the time of pleading it, maintain an independent suit upon it, and it is only in reconvention proceedings that the claim must in some manner be incident to, or connected with, plaintiff's claim or demand.

4. The assignee of a non-negotiable instrument shall allow every discount or defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment is given to the defendant. Rev. Stats., arts. 266, 267.

*R. B. Truly*, for appellees.

STEPHENS, ASSOCIATE JUSTICE.—J. C. Stansell caused a stock of furniture belonging to J. E. Pritchard to be attached for debt due him from Pritchard. J. R. Fleming claimed the property and obtained possession thereof under affidavit and bond as provided by statute in such cases. He also intervened in the original attachment suit and sought to enjoin the proceeding for the trial of the rights of property, claiming to be a partnership creditor of Stansell & Pritchard, and as such entitled to an equitable lien on the property attached.

This contention, which prevailed in the trial court, was overruled on appeal to the Supreme Court, as will appear from the opinion of Chief Justice Stayton, 81 Texas, 294, which contains a careful statement of the issues and facts developed up to that time, June 5, 1891. That opinion affirmed the judgment in favor of Stansell against Pritchard for $840.06 (which with interest amounted to $1233.75 on the last trial), and held that Stansell was entitled to look to Fleming and the sureties on the claimant's bond for satisfaction thereof. Otherwise, the judgment was reversed, but without prejudice to the rights of Fleming as creditor

of the other parties, and the cause was remanded for further pro-
ceedings.

The injunction against the prosecution of the suit for the trial of the
rights of property having been thus removed, Stansell made therein,
December 21, 1891, the following tender of issues:

"1.   That plaintiff in cause No. 350 in this court, as appears from
the record and proceedings thereof, had and held a valid and subsisting
attachment lien on the property of J. E. Pritchard, the defendant in
said suit.

"2.   That while said attachment lien was in full force and effect, to-
wit, on or about the 14th day of January, 1887, the defendant J. R.
Fleming, by mistake of his agent, as alleged by him in said suit No.
350, claimed such property as the property of said defendant, and took
and converted the same to his own use and benefit.

"3.   That the defendant executed and filed in this cause his claim-
ant's bond in form of law, with J. M. Moore and L. E. Brannin as his
sureties, for trial of right to property at the time said property was
taken and converted as aforesaid, and said bond with the oath pre-
scribed for such action are both filed in this court in this suit and prayed
to be taken and considered as part hereof.

"3.   That said property so taken and converted was, according to the
appraised value thereof, and in fact, of the value of two thousand two
hundred and fifty dollars.

"4.   That on the 28th day of December, 1888, or thereabout, the
plaintiff recovered a judgment against said J. E. Pritchard in said suit
No. 350 for the sum of eight hundred and forty and $\frac{06}{100}$ dollars,
with interest from the date of said judgment at the rate of ten per cent
per annum and all costs of suit.   That judgment remains in full force
and effect, and is still unsatisfied and unpaid.

"4.   That by reason of the facts herein alleged, and by virtue of the
judgment and decision of the Supreme Court and mandate thereof in
said cause No. 350, rendered on the —— day of June, 1891, which de-
cision and judgment is on file in said cause No. 350, the plaintiff is en-
titled to look to and to recover from the defendant and his said sureties
the full amount of his said judgment against said J. E. Pritchard, with
interest accrued now amounting to the sum of one thousand and ninety
dollars, with his costs in said suit incurred.

"5.   That plaintiff further alleges that by a conveyance in writing,
duly acknowledged and filed in this suit on the —— day of June, 1891,
he duly transferred, sold and conveyed to R. B. Truly, his attorney in
this suit, a three-fourths interest in his judgment against said Pritchard,
and in the judgment rendered in this suit, and plaintiff prays that the
said interest of said R. B. Truly be duly protected and adjudged to him
in this suit, and that judgment be rendered herein for the full amount
of plaintiff's judgment aforesaid, together with his interest and costs of
suit against the defendant and the said sureties on his said claimant's
bond, and for general relief."

R. B. Truly intervened and sought a recovery in his own name for three-fourths of the amount so claimed, by virtue of a transfer made to him January 24, 1891, and filed in the original case June 30, 1891, as follows:

"In consideration of the services of R. B. Truly, attorney at law, of Eastland, Texas, in a certain suit in the District and Supreme Courts of the State of Texas, wherein I am plaintiff and J. E. Pritchard is defendant, and in which J. R. Fleming intervened, in which suit there was a final judgment rendered in said Supreme Court in my favor against said J. R. Fleming and his bondsmen in suit No. 353 in the District Court of said Eastland County, I, J. C. Stansell, in accordance with a former agreement with said R. B. Truly, do hereby sell unto and transfer to said Truly a three-fourths interest in said judgment, to have and to hold against all claims.

[Signed]                      "J. C. STANSELL."

Fleming met these issues with a counter-claim or setoff of the joint and several promissory notes given him by Stansell and Pritchard, aggregating about three thousand dollars and long past due when the claim bond (in the sum of $5000) was executed, January·13, 1887, alleging the utter insolvency and nonresidence of both Stansell and Pritchard, and the irreparable injury which he would sustain if not allowed to interpose such counter-claim. The two cases were consolidated, but the right of Fleming to so plead his setoff was denied; hence this writ of error.

The facts were all substantially agreed to, including the following: That the stock of furniture claimed was of the value of $2000, that it had been sold by Fleming for about $900, and that both Stansell and Pritchard were and had been since January, 1886, non-residents of the State of Texas, notoriously insolvent and unable to pay their debts, having no property, save the claim of Stansell against Fleming on his bond, out of which the latter could make his debt.

The issue to be determined is exclusively one of law, whether Fleming was entitled, under the peculiar features of this case, to have the joint and several debt due him from Stansell and Pritchard set off against the claim of Stansell and Truly on the bond.

That a joint and several debt against two or more may be offset against a debt due either of them is no longer an open question. Rusk v. Burke et al., 57 Texas, 341, and cases there cited.

Fleming, then, in a proper case could unquestionably plead in setoff againt Stansell his debt against Stansell and Pritchard, which was several as well as joint; and the intervention of Truly could not prevent this, because when he acquired by assignment (with full notice) a part of the claim on the bond, together with the assignment of a part of the judgment against Pritchard, Fleming's debt was then past due, the suit was pending, and the right to interpose the defense already existed. The English rule, as expressed in Burrough v. Moss (1 Daniel, Nego-

tiable Instruments, sec. 725), if ever adopted in this State, has no application to this case, because the bond declared on, of which Truly claims to be in part the assignee, is not an instrument negotiable by the law merchant, but is rather of the class of instruments to which articles 266 and 267 of Sayles' Statutes are applicable. The defense provided for in these articles, and in the more comprehensive article 645, under the head of counter claim, cannot be thus cut off by assignment. See, also, Smalley v. Trammel, 11 Texas, 10; Mitchell v. Rucker, 22 Texas, 67; Hamilton v. VanHook, 26 Texas, 302; Masterson v. Goodlett, 46 Texas, 402; Bank v. Cresson, 75 Texas, 298.

It is also the rule that sureties have the right to plead in offset a debt due their principal. Aultman v. Taylor & Hefner, 67 Texas, 54, and authorities there cited; Green v. Conrad (Mo.), 21 S. W. Rep., 839.

The next question is, was the action on the bond one for uncertain or unliquidated damages? We think not.

The issue tendered itself showed that the amount sought to be recovered, which was less than the value of the property, had been ascertained by the judgment against Pritchard, plus the ten per cent damages liquidated by statute. Sayles' Statutes, arts. 4840, 4841. It was also fixed by agreement. If it had depended upon proof as to the market value of the goods, it would still have been a debt sufficiently certain to support attachment. Stiff v. Fisher, 2 Texas Civ. App., 346. See also, 7 Wait's Actions and Defenses, p. 481, sec. 7, and cases there cited.

A conversion of the goods was alleged, and it was manifest that they could not be returned. The authority to return the goods in satisfaction of the judgment on the bond is the privilege of the claimant, which had thus been lost or waived in this instance. The plaintiff, under the statute, looks exclusively to his money judgment on the bond, to be enforced by execution. Sayles' Statutes, art. 4843; Hartnett v. Martin, 86 Texas, 517, 674.

The only question remaining is, whether this defense was admissible in our statutory action for the trial of the right of property, and we are of opinion that it was. Howard v. Parks, 1 Texas Civ. App., 606.

Setoff as a defense seems to have been adopted in the different States of the Union from the civil law, not having been a part of the old English common law. While it is largely a statutory remedy, adopted to prevent circuity of action, it may nevertheless become an equitable remedy as well. Where insolvency or other circumstance would lead to irreparable injury without allowing the setoff, a court of equity has never been without power to afford an adequate remedy. Because the common law, among other things, by reason of its inflexible forms of action and mode of procedure, did not afford adequate relief, equity jurisdiction arose to correct that wherein the law (by reason of its universality) was deficient. Hence the power of a court of equity to enjoin an action at law, where the jurisdictions were kept separate.

If, then, to prevent the irreparable loss which Fleming must sustain if he is compelled to pay the sum for which the bond makes him liable to an insolvent non-resident who owes him a still greater sum, a court of separate equity jurisdiction would interfere and enjoin the action at law on the bond in order to compel an offset not admissible under the law practice (1 Pomeroy Eq., sec. 189), no reason can be given why in our blended system the same relief might not be had, upon the allegation and proof made in this case, in the very action itself for the trial of the right of property. To clothe that informal action with such rigidity as to make it the means of taking from one of our citizens and giving to an insolvent foreigner what in equity and justice he does not owe to and cannot recover back from such insolvent non-resident, would transcend any of the achievements of the old common law system. On the other hand, by allowing the offset Stansell is not injured, and justice is done to Fleming. A result so consonant with the purposes for which all legal forms and methods of procedure have been instituted strengthens us in the conclusion that the court erred in overruling the defense of setoff in this case.

We therefore reverse the judgment, and here render judgment against defendants in error, offsetting their claim with so much of the debt due plaintiff in error as may be required for that purpose, and render judgment in favor of the latter against J. C. Stansell for the remainder of his debt.

*Reversed and rendered.*