FRANCES E. TROUP, Admx., *vs.* MECHANICS NATIONAL BANK.

| 24 377|
| 24 431|

PROVIDENCE—MAY 5, 1902.

### DECISION.

DOUGLAS, J.    The facts of this case, as they are admitted or as they appear in evidence, are as follows :

Augustus C. Troup, the plaintiff's intestate, carried on business in his lifetime under the name of A. C. Troup & Company, and kept a deposit in the defendant bank as A. C. Troup & Co.   On December 18, 1889, he made his promissory note as A. C. Troup & Company for the sum of $400, payable four months after date, and this note was discounted by the defendant bank, and the net proceeds thereof paid to the plaintiff's intestate.   On February 19, 1900, the plaintiff's intestate died.   On April 6, 1900, the plaintiff was duly appointed administratrix, qualified and gave notice of her appointment, as required by law.   At the time of the death of the plaintiff's intestate, the balance due him on the books of the defendant bank was $735.95, all checks drawn by the intestate having been paid and charged.   On April 18, 1900, the bank's note came due.   The bank thereupon charged the amount of said note in said account, but continued to hold the same until some time in October, 1901.   On June 30, 1900, the bank sent to the plaintiff a statement of the balance due on the account, which showed that this note had been charged to the account, and the plaintiff returned to the bank a statement that the account was correct.   The estate of the plaintiff's intestate proved to be insolvent, and was so represented to the Probate Court November 9, 1900, within thirty days after expiration of the time fixed for the presentation of claims against the said estate.   The defendant bank filed no claim either with the administratrix or with the clerk of the Municipal Court, and presented no claim to the commissioners

who were appointed upon said insolvent estate. After the estate had been declared insolvent and after the time had expired for the presentation of claims to the commissioners, the plaintiff demanded from the defendant the amount of the deposit to the credit of A. C. Troup & Company at the time of the death of her intestate. This amount the defendant refused to pay in full, claiming the right to charge the estate, or to offset against this claim, the amount of said note.

The essential facts which raise the disputed question in this case are that the defendant bank, at the time of the death of plaintiff's intestate, held deposits belonging to him amounting to $735.95, and also were holders of a promissory note made by intestate for $400, due two months after the intestate's death; that the intestate died insolvent and commissioners were appointed to consider claims against his estate, and that the defendant did not present the note to the commissioners for consideration.

The plaintiff claims that the defendant cannot be allowed to charge the amount of the note to the account, because the note had not been presented to the commissioners as a claim against the estate.

In support of this claim her counsel cite the following cases: *Ewing, Ex'r.,* v. *Griswold,* 43 Vt. 400. This decision is based upon the statute of Vermont, General Statutes, 401, § 1, which provides that if the party "does not exhibit his claim to the commissioners within the time limited by the court for that purpose, he shall be forever barred from recovering such demand or from pleading the same in set-off in any action whatever."

*Jones* v. *Jones,* 21 N. H. 219.

This was not the case of an insolvent estate. The same court in *Mathewson* v. *Strafford Bank,* 45 N. H. 104, under a statute similar to our own, and upon facts exactly like those presented by the case at bar, held "that no presentment of claim to the administrator has ever been required in the case of an estate represented insolvent, either for the purpose of an allowance of the claim by the commissioner, or to be used as a set-off in an action by the administrator, where the set-off

can be used as a matter of defence only, and not as the foundation of a recovery of any balance. The language of the revised statutes is confined to actions : 'No action against an administrator shall be sustained, etc., unless the demand shall have been exhibited to the administrator and payment demanded.' In the case of an insolvent estate neither the proof of the claim before the commissioners nor the offer of it in set-off has been regarded as within the meaning of the term 'action.'"

*Bell's Admr.* v. *Andrews*, 34 Ala. 538.

This case holds squarely that a claim against an insolvent estate which has not been filed within the time required by law is not available as a set-off in an action brought by the administrator. The decision depends upon section 1,847, Code of Alabama, 1852, as follows : " Every person having any claim against the estate so declared insolvent, must file the same in the office of the Judge of Probate within nine months ·after such declaration," etc., " or the same is forever barred."

Our statute corresponding to this provision is Gen. Laws cap. 215, § 21, as follows :

" If any *creditor* shall not prove his claim before the commissioners within the time of the commission as originally fixed or as thereafter extended, as aforesaid, he shall, unless other special statutory provision be made to the contrary, be forever barred of *his action therefor* against the executor or administrator."

The Alabama statute, as construed by the court, treats the claim and the counter-claim in the disjunctive, and forever bars for all purposes the claim not duly filed. Our statute applies only to creditors, and, like the New Hampshire statute, bars the creditor's right of *action* only. In our jurisprudence with respect to insolvent estates, the distinction is drawn most sharply not between debts and credits as such, but between debtors and creditors of the estate. One who owes the estate more than the estate owes him is a debtor ; one who claims of the estate more than he owes it is a creditor, and must prove his claim or be barred of any action for the recovery of it.

The principle has always been recognized in Rhode Island that an equitable adjustment with each debtor or creditor of claims in favor of and against the insolvent estate of a deceased person takes place as by operation of law as of the time of the insolvent's death, claims not then due being rebated if necessary ; and for the purposes of administration only the balances arising from such an adjustment with any individual are considered.   Where such a balance is against the estate and the creditor desires to enforce it, section 11 of chapter 215 becomes operative ; and, the claim and counter-claim having been considered by the commissioners, the balance is reported as the debt due from the estate.   Where the balance is in favor of the estate, there is no provision that the balance or the elements of which it is made shall appear in the report.

The adjustment of claims and counter-claims in the case of an insolvent estate is entirely independent of the provisions of the statute of set-off.

*Irons* v. *Irons*, 5 R. I. 264.

It is based on the equitable principles which govern the settlement and distribution of insolvent and bankrupt estates of living persons.   Ames, C. J , says, in *Clarke* v. *Hawkins*, 5 R. I. 219 (224):   " The bank act does not prescribe any rule of set-off, but, like our act concerning the settlement of the estates of deceased insolvents, leaves that matter at large to be determined on general principles applicable to it.   In the settlement of the estates of deceased insolvents, the analogical rule followed here in regard to set-off is as it is in other states, the equitable rule of the bankrupt systems of England and the United States ; that is, without any special connection between the claims sought to be set off, to sink the sum due to the insolvent by the amount of the sum actually due from him to his debtor, and in truth to hold the latter to be *a debtor* to the estate only for the balance."

The creditors of a living insolvent have the same adverse interest to each other, and to the insolvent's debtors, that the creditors of a deceased insolvent have to each other and to the debtors to the estate.   Hence, the cases cited in which the

debtors of a living insolvent have been allowed to set off his debts to them, when sued by the assignee, are directly in point as authorities upon the question at bar.    See *Carr* v. *Hamilton*, 129 U. S. 252 ; *Aldrich* v. *Campbell*, 4 Gray, 284 ; *Thomas* v. *Exchange Bank*, 99 Ia. 202 (208) ; *Nashville Trust Co.* v. *Bank*, 91 Tenn. 336.

The statute providing for the settlement of the estates of deceased intestates, recognizing these principles, provides only for the report by the commissioners of claims against the estate, and in the case of cross claims only for a report of balances against the estate.    If the statute required that all conflicting claims, regardless of how the balance stands, should be submitted to the commissioners, then the administratrix in this case should have presented the account to them before commencing this suit.

Under a similar system in Massachusetts, it has been held from early times that a claim, which had not been proven before the commissioners, might be set off in a suit by the administrator of an insolvent estate.

*McDonald* v. *Webster*, 2 Mass. 498 (1807) :

" If the balance be against the creditor," says the court, "it is not a subject of the report, which is to include only claims against the estate.    In this last case, if the executor or administrator of the insolvent sue the creditor at law, he must have a right resulting from the principles of the statute to plead his own demand by way of set-off and the executor or administrator can recover only the balance."

This decision has been followed in Massachusetts, notwithstanding the changes in details of the statutes.    *Bigelow* v. *Folger*, 2 Met. 255, and cases cited.

The same rule is adopted in *Morrison* v. *Jewell*, 34 Me. 146 ; *Smalley* v. *Trammel*, 11 Tex. 10 ; *Mitchell* v. *Rucker*, 22 Tex. 66.

The plaintiff urges that it is the policy of the statute to submit all claims against the estate to the contestation of other creditors.    This is undoubtedly so when the claimant is a creditor of the estate and desires to prosecute his claim— *Mason* v. *Taft*, 23 R. I. 389—but claims of the estate against

its debtors are, by the policy of the statute, entrusted to the administrator to enforce.    He is required to file an inventory, which the creditors may examine and object to if they see fit; and if he is derelict in his duty, he and the sureties upon his bond are responsible.    There is no superior equity in the body of creditors which ought to outweigh the rights of a defendant to a suit brought on behalf of the estate.    The policy of the law does not require a party to present his defence for criticism and conflict until he is attacked.

If he has a claim to enforce, he must begin the contest; if he desires only to retain possession of what he has, the law allows him to remain quiet until an adverse party makes a claim upon him.    In *Knapp* v. *Lee*, 3 Pick. 452, the court say, p. 469 : "Without this remedy great injustice would happen, for the administrator might refuse to produce the counter claim before the commissioners, and the consequence would be that on a suit he would recover the whole sum due to the estate, whereas the other party could obtain only an equal proportion with the other creditors of the insolvent's effects."

The same injustice would occur in the case of a debtor to the insolvent estate who should be a creditor in a larger amount, but who did not desire to prosecute his claim because he had reason to believe that his dividend would not repay him for the trouble and expense.    If the contention of the plaintiff should prevail, such a creditor would be obliged to use his claim as a sword in order that it might retain its efficacy as a shield.

My conclusion is that, upon the well-settled principles governing cases of insolvent estates of deceased persons as recognized by the statute, it is not necessary to prove before the commissioners such a claim as the defendant presents before pleading it in set-off.

Decision for the plaintiff for the balance of the account deducting the note, with interest accrued to April 23, 1902, amounting altogether to $352.21, and costs.

*Comstock & Gardner*, for petitioner.

*Tillinghast & Tillinghast*, for defendant.