BLACK et al. v. GRAY.    (No. 734–4327.)

(Commission of Appeals of Texas, Section A. Feb. 17, 1926.)

1. Executors and administrators ⬅️434(1)— Survivor of persons mutually indebted to each other may set off his claim against that of estate, regardless of priority of other claims.

Where there are mutual debts between two persons, and one dies, survivor may set off his claim against that of deceased, though there are claims against estate entitled under statutes to priority of payment from general assets of the estate.

2. Executors and administrators ⬅️434(1)— Survivor of persons mutually indebted to set off his claim against that of deceased is not affected by fact that claim sounds in tort (Vernon's Sayles' Ann. St. 1914, arts. 1325-1329).

Where there are mutual debts between two persons, and one dies, survivor may set off liquidated claim against that of deceased, though claim is one sounding in tort, in view of Vernon's Sayles' Ann. St. 1914, arts. 1325–1329.

3. Banks and banking ⬅️134(1)—Money coming into possession of bank from debtor on promissory note is subject to set-off of indebtedness, and not recoverable by administrator of estate of such debtor.

Money coming into possession of bank from one indebted to bank on promissory note held properly set off against such indebtedness, and not recoverable by administrator of estate of such debtor, who subsequently died, to pay claims against estate.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by E. C. Gray, administrator of estate of Clarence Farr, against T. H. Black and another. The Court of Civil Appeals reversed the judgment of the trial court for defendants, and defendants bring error. Judgment in Court of Civil Appeals (267 S. W. 291) reversed, and judgment of trial court affirmed.

W. H. Sewell, of Follett, and Adkins & Kimbrough and Harris M. Kimbrough, all of Amarillo, for plaintiffs in error.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

E. C. Gray, of Higgins, for defendant in error.

HARVEY, P. J. A writ of error was granted by the Supreme Court to the Court of Civil Appeals for the Seventh Supreme Judicial District, because of conflict of the decision of said court herein with former decisions of the Supreme Court and other Courts of Civil Appeals on the question· of law relating to set-off hereinafter discussed.

Briefly stated, the facts of this case, so far as pertinent here, are as follows: On September 26, 1923, Clarence Farr was indebted to the Citizens' National Bank of Higgins, Tex., on a promissory note theretofore executed by him to said bank in the sum of $782.09, which note had been duly declared matured under an accelerating clause. On said date there came into the hands of said bank, through the wife of Farr, the sum of $800 in money belonging to Farr. The bank on said date proceeded to apply $782.09 of such $800 to the satisfaction of the debt owing to it by Farr under said note, and the balance of $17.91 was deposited by the bank to the credit of Farr, and was subject to his check. The Court of Civil Appeals has found that the latter transaction constituted a conversion of said sum of $782.09 by the bank, and that Farr never at any time had knowledge of or consented to such transaction. Farr died on October 8, 1923, and E. C. Gray, the administrator of his estate, is seeking in this suit to recover judgment against the bank for the wrongful conversion of said $782.09; his suit being for said specific amount. In answer, the bank pleaded, among other things, the above facts in set-off and defense.

Because the allowance of the set-off made and pleaded by the bank will operate to defeat, in whole or in part, the payment of claims against the estate which, under the statutes, are entitled to classification and priority of payment over the debt owed to the bank by Farr on said note, the said administrator contends that such set-off in favor of the bank should not be allowed.

[1] It is settled law in this state that, where there are mutual debts between two persons, and one dies, the survivor is entitled to set off his claim against that of the deceased, despite the fact that there are claims against the estate of the deceased which are entitled, under the statutes, to priority of payment from the general assets of the estate. Smalley v. Trammel, 11 Tex. 10; Mitchell v. Rucker, 22 Tex. 66; Bank v. Cresson, 12 S. W. 819, 75 Tex. 298.

[2] The right of set-off is not affected by the fact that the claim, sought to be used in set-off, is one sounding in tort, provided the amount thereof be liquidated. Jones v. Hunt, 12 S. W. 832, 74 Tex. 657; articles 1325–1329, Vernon's Sayles' Ann. Statutes 1914.

[3] We are of opinion that the bank is entitled to the set-off as sought, and we therefore recommend that the judgment of the Court of Civil Appeals herein be reversed, and the judgment of the trial court be affirmed, for that reason.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.