## GERMAN v. CONTINENTAL JEWELRY CO. (No. 1914.)

Court of Civil Appeals of Texas. Beaumont. Dec. 12, 1929.

Rehearing Denied Dec. 18, 1929.

ship these goods, which we purchase on the terms and conditions below (here follows an itemized statement of goods so purchased and certain other conditions of the contract as to payment, discount, etc.). Delivery to transportation company is delivery to purchaser, who pays all charges. Jewelry by express; showcase by freight. Salesman's authority is limited to taking orders on this shipment and no change or addition is binding unless in writing on the original order, accepted by us at Cleveland, Ohio."

Appellant answered by pleas of general denial, failure of consideration, etc. Appellee attacked appellant's answer by a large number of special exceptions which were carried by the court, with the consent of the parties, through the trial and not sustained until after all the testimony had been introduced and the parties had rested. The trial was to the court without a jury, with judgment in appellee's favor for the sum sued for. Conclusions of law and fact were filed, which appellant has not attacked.

His propositions of error relate only to the ruling on the demurrers and the exclusion of certain evidence.

 The court did not err in the exclusion of the evidence. Appellant offered to testify that in buying the jewelry he informed appellee's salesman that he wanted it for his installment trade, and further that the jewelry as delivered was not suitable for his installment trade. This evidence was properly excluded on the ground that it would have varied the terms of the written contract. The court also properly refused to let appellant testify as to the gold content of the jewelry on the ground that he was not shown to be an expert and qualified to testify on this issue. All the questions on this subject called for the opinion of an expert, and as appellant was not able to qualify as such, of course, his testimony was not admissible. The witness was not permitted to testify as to the relative size and weight of certain collar buttons. This ruling was not error, because it was not shown that the salesman exhibited to him his sample collar buttons. Appellee testified that the salesman showed him only about 5 per cent. of his samples. He said: "There was about 95 per cent. of the stuff described in this contract I did not see." The bills relating to all the other excluded testimony were fatally defective in not reflecting what the answer of the witness would have been.

██ Appellee is wrong in its contention that by agreeing for the court to carry its special demurrers through the case appellant waived all error, if any, in the court's ruling thereon. As the ruling was postponed upon the express agreement of all the parties, if appellant has suffered injury he has the right to assign error thereon. But no error is shown. It affirmatively appears that the

J. B. Synnott, of Beaumont, for appellant.
Smith, Crawford & Combs, of Beaumont, for appellee.

WALKER, J. This was a suit in county court by appellee against appellant for a bill of jewelry amounting to $276 bought by appellant from appellee upon a written contract which listed and invoiced the jewelry, which was in part as follows: "Gentlemen: Please

court tried the case on the pleadings of the parties as read to him, and especially upon appellant's answers, without relation to appellee's special exceptions; that is, the court permitted appellant to offer all admissible testimony. No evidence was excluded of which appellant can complain under any defense available to him. So, if technical error was committed in the ruling on the demurrers, it is immaterial because no legitimate evidence was offered to support the stricken pleas.

Had the court ruled on the demurrers when the pleadings were first presented to him, appellant could have assigned error on the legal sufficiency of his pleading to constitute a defense in law to appellee's cause of action. But having been given the right to introduce all his testimony, and it affirmatively appearing on the facts thus fully developed that he had no defense, but that appellee was entitled to judgment for the relief prayed for, the ruling on the demurrers, even if error, was harmless. To meet the plaintiff's cause of action the defendant must not only have a sufficient pleading, but he must support his pleading by proper proof, and that appellant did not do.

Affirmed.