KNIGHT v. TEXAS & N. O. R. CO.
No. 9413.

Court of Civil. Appeals of Texas. Galveston.
March 12, 1930.

Crabb, Marks &. Smith, of Houston, for appellant.

Baker, Botts, Parker & Garwood, Arterbury & Coolidge, and John T. Garrison, all of Houston, for appellee.

LANE, J.

This suit was instituted by J. E. Knight against the Texas & New Orleans Railroad Company.

Plaintiff alleged that on the 27th day of December, 1927, and for several months prior thereto, he was employed by the defendant in the capacity of a helper to mechanics in the repair of cars; that while he was so employed he was directed by his foreman, an employee of defendant, to operate a nut machine, which was propelled by compressed air, in screwing up and tightening nuts on bolts in freight cars; that in performing his duties he was required to stand upon a ladder about six feet above the ground or floor; that said machine was very heavy and cumbersome; that many of the bolts which he had to screw were above a level and on a level with his head; that the machine was propelled with great force and in its operation would fly back or to one side until the power propelling same was released; that the operation of the same by one man only was a dangerous undertaking while standing on a ladder; that while standing on a ladder and operating the machine said machine flew back and struck him and knocked him off of the ladder and the machine fell upon him bruising and injuring his left leg and knee, by reason of which said injuries he was compelled to suffer a serious and painful operation which has permanently deprived him of the use of his left leg, and which has caused him continuous pain and mental worry and anguish; that he was unacquainted with the use, nature, and character of the machine; that he was not instructed how to use the machine, and was not told of the dangers incident to its use, though defendant knew that there were dangers incident to the use thereof and knew that plaintiff knew nothing of such dangers; that defendant knew that the ladder upon which he was required to work was not a safe place to operate the machine; that the tool furnished him with which to do his work was a dangerous tool, and the place in which he was placed to work was a dangerous place; that by reason of the acts of defendant complained of defendant was guilty of negligence which directly and proximately caused his injuries above stated, and in addition thereto caused his ability to labor and to secure employment to be greatly impaired, to the extent of 50 per cent.; that by reason of such injuries he has suffered much physical pain and suffering; that by reason of such injuries he was required to incur an expense of $100 for medicines and medical treatment; that by reason of his pain, suffering, and loss of earning capacity he has suffered damages in the sum of $10,000.

He prayed for his actual damages alleged and for $1,000 as exemplary damages.

Defendant answered by general demurrer, general denial, and by specially pleading contributory negligence, and assumed risk on the part of plaintiff.

By supplemental petition the plaintiff denied generally the averments of defendant's answer.

The cause was tried before a jury upon special issues submitted by the court, in answer to which the jury found:

(1) That the plaintiff was injured in some of the ways and particulars alleged by the plaintiff while working with the air nut machine on one of defendant's cars.

(2) That at the time plaintiff was placed at work with the nut machine he was inexperienced in the method and manner of handling and operating the same.

(3) That at the time plaintiff was put to work upon the air nut machine of the defendant on the location in question, the operation

of such machine was not dangerous to one inexperienced with its use.

. (4) That the defendant railroad company, through its agents and servants, knew that the plaintiff was inexperienced in the handling of said machine.

(5) That the defendant company was negligent in placing the plaintiff at work at the time and on the occasion in question with said nut machine.

(6) That such negligence was not the proximate cause of plaintiff's injuries.

(7) That the defendant was negligent in failing to instruct the plaintiff in the use of the nut machine.

(8) That such negligence was not a proximate cause of plaintiff's injuries.

(9) That the defendant company was negligent in failing to warn plaintiff of his possible danger in the use of the nut machine before requesting him to use same.

(10) That such negligence was not a proximate cause of plaintiff's injuries.

(11) That the plaintiff, on the 27th day of December, 1927, did not realize and appreciate the danger, if any, in operating the nut machine in the way and manner he was using it.

(12) That the plaintiff's injuries were the result of a risk which was ordinarily incident to his employment.

(13) That the plaintiff's injuries were reasonably worth the sum of $2,000.

Upon the findings of the jury the court rendered judgment for the defendant, from which the plaintiff has appealed.

By appellant's propositions Nos. 1, 2, and 3, contention is made that the court erred in sustaining appellee's objection to the admission in evidence of answers of appellant to certain questions which his counsel proposed to propound to him.

Appellant sought by his bills of exceptions 1, 2, and 3 to preserve exceptions to the action of the court in sustaining appellee's objections. None of the bills of exception show what the excluded answers of the witness would have been had he been permitted to answer, nor the nature of the objection urged as against the admission thereof. The bills are fatally defective in not stating what answers of the witness would have been made to the proposed questions, nor the objections made to their admission; therefore the assignments of error based on such bills cannot be considered by this court. German v. Jewelry Co. (Tex. Civ. App.) 22 S.W.(2d) 341; Fox v. H. & T. C. Ry. Co. (Tex. Civ. App.) 186 S. W. 853; Pierce Petroleum Corp. v. Guaranty Bond State Bank (Tex. Civ. App.) 22 S.W.(2d) 520.

The rule is so well established that, in the absence of a bill of exceptions showing what the answers would have been had the witness been permitted to testify, the action of the court will not be reviewed on appeal, and it is unnecessary to cite further authorities in support of the proposition.

Appellant, upon the trial of the cause, took the stand as a witness and undertook to testify that several persons, employees of appellee, knew of the dangers incident to the operation of the nut machine; that they had refused to appear and testify for fear, if they did so, they would be discharged. Appellee objected to the admission of the proposed testimony, as no process was issued to bring such persons before the court, and as such proposed testimony was inadmissible. The court sustained the objection, to which action of the court appellant reserved his bill of exception in which no reason is assigned why he did not have the persons subpoenaed, nor is it stated in the bill that such persons would, if called as witnesses, testify to any fact beneficial to appellant.

Appellant here presents the action of the court in sustaining appellee's objection to the admission of the proffered testimony as error. We overrule appellant's contention. The court correctly sustained the objection of appellee.

By appellant's bill of exception No. 9, it is shown that, while appellant was testifying in his own behalf, he was asked by his counsel: "How much family have you?" To which question appellant answered: "I have a wife and four children." That objection was made to the answer as being immaterial and prejudicial to appellee. That the court said: "Sustain the objection." The bill of exception does not show that the testimony was withdrawn from the consideration of the jury, or that any instructions to that effect were given. If, however, the remarks of the court could be construed as a withdrawal of such testimony from the consideration of the jury, and that such act was error, such act would not constitute cause for reversal of the judgment. It is apparent that the testimony could only have affected the question of the amount of damages which appellant might have been entitled to recover, and since the jury has found that no negligence on the part of appellee was the proximate cause of appellant's injuries, and has also, under ample evidence, found that appellant had assumed the risk incident to the use of the machine, the error, if such, would be harmless.

It is shown by appellant's bill of exception No. 10 that, while appellant was testifying, he was asked by his counsel the following question: "How many of those workmen were using wrenches in screwing on those nuts?" That appellee objected to the question on the ground that the testimony called for would be irrelevant and immaterial. That the court sustained the objection and stated in the presence of the jury that: "If you have any witness that knows the instrument was dangerous I am willing for you to put him on, but

this witness testified himself that he had never used it before and he testified that he had never seen one used, and I think that is as far as he can go. If you have any witness that knows it was dangerous put him on and it will be perfectly admissible."

Appellant complains of the action of the court asserting that it constitutes reversible error. We overrule the assignment as being without merit.

■ The court submitted to the jury the following charge:

"If in answer to special issue No. 1 you have found that plaintiff was injured on the 27th day of December, 1927, in any of the particulars alleged by plaintiff, and only in such event, then answer:

"What sum of money if paid in hand at the present time will reasonably and fairly compensate plaintiff for the injury received by him proximately resulting from such alleged accident?

"In answering this issue you will take into consideration the following elements of damage, none other:

"(a) Physical and mental pain and suffering to the date of the trial, if any; (b) such physical and mental pain and suffering from the date of the trial in the future, if any; (c) loss of earnings to the date of trial, if any."

Appellant, plaintiff below, made no exception to the charge as given, but he requested the court to submit to the jury the following charge:

"If in answer to special issue No. 1 you have found that plaintiff was injured on the 27th day of December, 1927, in any of the particulars alleged by plaintiff, and only in such event, then answer:

"Then in considering the amount of money, if paid in hand at the present time, will reasonably and fairly compensate plaintiff for the injury received by him proximately resulting from such alleged injury, you will take into consideration plaintiff's diminished capacity, if any, to earn money in the future from the date of the trial, in addition to the various elements of damage submitted to you in special issue No. 14."

The court refused the requested charge. By his seventh proposition appellant contends that the court erred in such refusal, in that he was entitled to have the jury instructed that they should take into consideration the loss to him of his future earnings.

We think appellant was entitled to have his requested charge or one substantially the same submitted. But since the jury found that no negligence charged to appellee was the proximate cause of the injury suffered by him, and since the undisputed evidence shows that at the time appellant received his injury he was engaged in interstate commerce, in that he was assisting in rebuilding cars for appel-

lee to be used in interstate commerce, and since the cause in such case is controlled by the Employers' Liability Act (45 USCA § 54), which provides that assumed risk is a defense, and since the jury found that appellant assumed the risk incident to his employment, the refusal to give the requested charge was harmless. Chicago R. I. & G. Ry. Co. v. Bernnard (Tex. Civ. App.) 275 S. W. 505; Clement v. Gulf, Colorado & Santa Fé Ry. Co. (Tex. Com. App.) 236 S. W. 714.

Conceding that the issue which appellant requested to be submitted was one that he was entitled to have submitted, and that it was not submitted in the court's charge, the error became immaterial and of no importance, since the jury found that appellant had assumed the risk incident to his employment, which finding demanded the rendition of a judgment for appellee. American Surety Co. v. Thompson (Tex. Civ. App.) 23 S.W.(2d) 820.

■ The undisputed evidence shows that appellant began to work for appellee in rebuilding cars on the 7th or 8th of July, 1927, and that the injuries of which he complains occurred on the 27th day of December, 1927, more than six months after his employment began. Appellant testified: "I knew that it was dangerous after I started with it, I knew that it was a dangerous machine. I knew it was a dangerous piece of machinery after he put me to work with it and I started to work with it. I kept on working with it and knew it was dangerous. I am not mistaken about that, I knew it was dangerous, but I kept on working with it because that was the instructions I had. I knew that it was dangerous, you bet I did, but I kept on working with it knowing it was dangerous. It like to have knocked me off of there two or three times, and then it knocked me off."

Again he said: "I told my attorney just now that I knew that machine was dangerous, but I thought I could get along with it. I knew it was dangerous, but I took a chance. Of course, I had to take a chance because I was put to using it. I didn't know exactly that it was as dangerous as it was. Of course, I seen that there was something wrong with it, or I didn't know how to handle it, or something. Of course, I was taking a chance from the time they put me to using it. From the time they put me on it I knew I was taking a chance."

It was shown that three of the air machines, during the time appellant was employed, were being used in the rebuilding of the cars. It was shown that the cars that were being rebuilt were "sent to Louisiana and Texas and to other states."

In answer to a special issue submitted by the court, the jury found that appellant's injury was the result of a risk which was ordinarily incident to his employment.

We think such answer of the jury was amply supported by the evidence, and that such

676

answer demanded of the trial court the rendition of a judgment for appellee, regardless of how the other issues submitted were answered.

There are other assignments presented by appellant which we have considered, but, in view of the conclusions reached by us as above expressed, we overrule them without detailed discussion.

Having reached the conclusions above expressed, it becomes our duty to affirm the judgment, and it is so ordered.

Affirmed.