### C. C. HOGUE v. GEORGE S. WILLIAMSON.

#### No. 17.

**Promissory Note—Foreign Coins.**— A promissory note may be payable in any currency. A promise to pay in Mexican silver dollars is negotiable; the exchange into current coin is upon proof of their relative values.

THIS question was certified to the Supreme Court by the Court of Civil

Appeals, Third District, under section 35 of the act to organize the Courts of Civil Appeals.

*George C. Altgelt,* for appellant.—The note, though payable in a foreign coin, is not therefore nonnegotiable.  Tied. on Comm. Law, sec. 29b; 1 Dan. on Neg. Inst., sec. 58; Black v. Ward, 27 Mich., 191.

*W. W. Herron,* for appellee.

GAINES, ASSOCIATE JUSTICE.—This is a question certified to us for determination by the Court of Civil Appeals for the Third Supreme Judicial District.   The certificate is as follows:

"The plaintiff, Hogue, brought suit against defendant, Williamson, upon a written obligation, which reads as follows:

"SALTILLO, January 25, 1888.

"On or before May 1, 1888, I promise to pay C. C. Hogue, or order, one thousand Mexican silver dollars.

"GEO. S. WILLIAMSON.

"$1000, Mex.

"The petition alleges that on May 1, 1888, Mexican dollars were each worth 85 cents in 'American coin,' and plaintiff asks judgment for $850. He states in his petition that the note is payable in Mexican silver dollars.

"The defendant filed a general denial. and also averred in his answer, under oath, that the note sued on was given for money which the plaintiff had won from defendant in a game with cards, and was therefore illegal and void.

"Upon the trial in the court below, the plaintiff put in evidence the written obligation sued on, and proved that on May 1, 1888, Mexican silver dollars were worth 80 cents each.   The plaintiff then rested and the defendant introduced no testimony.

"The court instructed the jury to return a verdict for defendant, which was done, and judgment entered accordingly.

"If the instrument sued on was a promissory note, this is error.  Newton v. Newton, 77 Texas, 511.

"With this explanation, the Court of Civil Appeals for the Third Supreme Judicial District certifies and submits to the Supreme Court, for decision as part of the law of this case, as a new or novel question, the following proposition:

"Was the burden of proof on the plaintiff, after the introduction of the instrument sued on, to show nonperformance of its obligations by defendant?   In other words, is the written obligation sued on a promissory note, obligating its maker to pay a certain sum of money; or is it an ordinary contract for the delivery of a certain commodity; and must the plaintiff, by affirmative testimony, show a breach of the contract?"

We are of the opinion that the instrument in question is a promissory note. It is such in form and substance, unless the fact that the sum payable is expressed in Mexican silver dollars should make a' difference. Speaking of the sum for which a bill of exchange must be drawn, Mr. Chitty says, "it may be the money of any country." Chitty on Bills, 160. Judge Story says: " But provided the note be for the payment of money only, it is wholly immaterial in the currency or money of what country it may be payable. It may be payable in the money or currency of England, or France, or Spain, or Holland, or Italy, or of any other country. It may be payable in coins, such as in pounds sterling, livres, tomnosis, francs, florins, etc., for in all these and the like cases the sum of money to be paid is fixed by the par of exchange, or the known denomination of the currency with reference to the par." Story on Prom. Notes, sec. 17. The same rule is distinctly laid down in 1 Daniel on Negotiable Instruments, section 58, and in Tiedman on Commercial Paper, section 29b. In view of the opinion of these eminent text writers, it is remarkable that we have found but two cases in which the question is discussed or decided.

In Black v. Ward, 27 Michigan, 191, it is held, that a note made in Michigan payable in Canada in " Canada currency," is payable in money, and is therefore negotiable. But in Thompson v. Sloan, 23 Wendell, 71, a note made in New York and payable there in " Canada currency," was held not negotiable. The court, however, say: " This view of the case is not incompatible with a bill or note payable in money of a foreign denomination, or any other denomination, being negotiable, for it can be paid in our own coin of equivalent value, to which it is always reduced by a recovery. A note payable in pounds, shillings, and pence, made in any country, is but another mode of expressing the amount in dollars and cents, and is so understood judicially. The course therefore in an action on such instrument is to aver and prove the value of the sum expressed in our own tenderable coin."

This decision was made in 1840, and it is to be inferred that at that time the dollar was not a denomination of the lawful money of Canada. We also infer, that when the Michigan case arose, this had been changed and the denomination of Canada money corresponded with that of the United States. Upon this theory, it would seem that the cases may be reconciled. The language quoted from the opinion in Thompson v. Sloan, supra, indicates clearly, that if the money named in the note had been a denomination of Canada money, the ruling would have been different, unless, perchance, the word " currency" would have affected the question. The note we have under consideration is for Mexican silver dollars—coins recognized by the laws of the United States as money of the Republic of Mexico. U. S. Rev. Stats., sec. 3567.

We conclude that the note sued upon in this case was a negotiable

promissory note, and that when the plaintiff offered it in evidence, and proved the value of the Mexican dollar at the time of its maturity, he had made a prima facie case, and our opinion will be certified accordingly.

Delivered May 29, 1893.