## PATTON et al. v. ASHWORTH.
### No. 2908.

Court of Civil Appeals of Texas. El Paso.
Jan. 4, 1934.

Rehearing Denied Jan. 25, 1934.

**332**

W. H. Barnes, of Terrell, for appellants.

Ashworth & Ashworth, of Kaufman, for appellee.

PELPHREY, Chief Justice.

On October 17, 1932, appellee filed his affidavit for a distress warrant for rent alleged to be due the estate of Hulda Borth, deceased, from appellant, on 199 acres of land in Kaufman county, Tex. The rents due were alleged to be for the years 1931 and 1932, and to amount to $302.47. A distress warrant was issued and levied on certain farm products of the 199 acres of land.

Appellant, by amended answer, demurred generally to appellee's petition, generally denied the allegations thereof, and specially pleaded that the estate of Hulda Borth was indebted to him in excess of the amount asserted against him by the administrator, and prayed that his debt be offset against any judgment which might be obtained against him.

In connection with such pleading of setoff, he alleged that she had lived with him and his family for several years prior to her death; that he had a contract with her by which she agreed to pay him $50 per month to look after and take care of her and to pay him for certain work he was to do from time to time in keeping up the premises where they lived; that at the time of her death she owed him the sum of $1,812.60, as shown by a sworn itemized account; and that he and Hulda Borth, during her lifetime, had a mutual running account upon which they applied rents that might be due her on the account due to him.

Appellee excepted to appellant's counterclaim as follows: "Plaintiff further excepts to defendant's answer herein wherein he seeks to set up a counter claim and cross-action against the plaintiff as set out in paragraphs numbers four (4) and five (5), of said answer, for the reason that if the defendant has any such claim for services rendered Hulda Borth, deceased, the same would be a fourth class claim and said claim should be filed and allowed by the Probate Court of Kaufman County, Texas, and classified by the said Court and paid in the due course of administration and cannot be set up in a cross-action in the suit for rents accruing after the death of Mrs. Hulda Borth, deceased."

This exception was sustained by the court, and such action is made the basis for several of appellant's assignments of error. Upon a hearing the trial court rendered judgment in favor of appellee for $378.03; foreclosed the landlord's lien on the property taken by the sheriff under the distress warrant, and rendered judgment against the sureties on appellant's replevy bond for $306.44.

This appeal followed.

### Opinion.

There appears to be considerable confusion among the authorities as regards the right of set-off and counterclaim in a suit by an administrator.

It appears to be well settled, however, that, where there existed mutual debts between two persons, and one of them dies, the debt due from decedent having matured at the time of his death, and having been contracted during his lifetime, may be set off in a suit by his administrator. It appears also equally well settled that, in an action brought by an executor or an administrator, the defendant may not plead in set-off any demand against the estate accruing since the death of the deceased. 14 Tex. Jur. § 355, p. 120; Floyd v. Rust, 58 Tex. 503; Dickenson v. McDermott's Ex'rs, 13 Tex. 248; Hall v. Hall, 11 Tex. 526; Cundiff v. Corley (Tex. Civ. App.) 27 S. W. 167.

An examination of the account attached to appellant's answer reveals that the major part of it is for items which arose or could have arisen after the death of Hulda Borth.

It also appears that the different items are so intermingled as to almost preclude a separation.

It therefore appears that the court did not err in sustaining the special exception.

Another contention of appellant is that the administrator was not entitled to sue for the rents on the whole 199-acre tract because the record reveals that it was the community property of Hulda Borth and her husband, Herman Borth, and that, no administration having been taken out on the estate of Herman Borth after his death in 1916, the interest he owned in the estate became vested in the heirs of Hulda and Herman Borth. It is true that appellant testified that the said

tract was the community property of the Borths before the death of Herman, and that no administration was had upon his estate; but it also appears in the record that the whole tract at the time of the death of Hulda Borth was a part of her estate. There is nothing here to show how she ever acquired the interest of the heirs, but we must, under the facts, and in support of the court's judgment, presume that she did.

The judgment of the trial court is affirmed.