**TEXAS STATE BANK & TRUST CO.
et al. v. ST. JOHN.**
No. 3512.

Court of Civil Appeals of Texas. El Paso.
March 4, 1937.

Rehearing Denied April 1, 1937.

E. B. Ward, of Corpus Christi, for appellants.

Boone, Henderson, Boone & Davis, of Corpus Christi, and Oscar M. Powell, of San Antonio, for appellee.

HIGGINS, Justice (after stating the case as above).

Those assignments are overruled which question the authority of the temporary administratrix to maintain the suit. Articles 3373 and 3378, R. S., authorize the appointment of temporary administrators with such limited powers as the circumstances of the case may require. There is nothing in the statutes which expressly or impliedly deny the probate court the power to confer upon a temporary administrator power to institute and maintain suits in behalf of the estate. Such an administrator may institute and maintain such a suit if the court appointing him has so authorized. Callahan v. Houston, 78 Tex. 494, 14 S.W. 1027.

The orders above mentioned are broad enough in their terms to authorize this suit. Houston & T. C. Ry. Co. v. Hook, 60 Tex. 403.

Plaintiff called Mrs. Kinser as a witness, and interrogated her at some length.

Error is assigned to the ruling of the court in excluding testimony sought to be elicited from her by her counsel on his cross-examination to the effect that deceased gave her the certificate of deposit; also, she and deceased were engaged to be married.

Counsel for plaintiff, in his examination of Mrs. Kinser, did not question her in any manner concerning the $2,500 certificate of deposit or with reference to any marriage engagement between the witness and deceased. The fact that plaintiff called the witness and examined her concerning other matters did not relieve her of the restrictive operation of article 3716, R.S. She not having been called to testify concerning those matters, she was incompetent to testify in regard thereto under the language of the statute. Himes v. Himes (Tex.Civ.App.) 55 S.W.(2d) 181; Huggins v. Myers (Tex.Civ.App.) 30 S.W.(2d) 565; Salvini v. Salvini (Tex.Civ.App.) 2 S.W. (2d) 963.

Nor was she competent to so testify in behalf of her codefendant. James v. James, 81 Tex. 373, 16 S.W. 1087.

Another reason why the refusal to permit her to testify she was engaged to deceased, presents no error, is that the record does not show she would have so testified. Joy v. Craig (Tex.Civ.App.) 94 S.W.(2d) 524; Olivas v. El Paso E. Co. (Tex.Civ.App.) 54 S.W.(2d) 154; Knight v. Texas & N. O. Ry. Co. (Tex. Civ.App.) 26 S.W.(2d) 672.

The Bank complains of the refusal of the court to set off against the plaintiff's demand the $500 paid upon the check mentioned instead of establishing it as a claim against the estate and ordering it paid in due course of administration as a fourth class claim. In this connection cases are cited which hold that where there are mutual debts between two persons, and one dies, the debt due by the decedent, matured at his death, may be set off in a suit by the administrator of the decedent. Black v. Gray (Tex.Com.App.) 280 S.W. 573; Traders' Nat. Bank v. Cresson, 75 Tex.

298, 12 S.W. 819; Smalley v. Trammel's Adm'r, 11 Tex. 10.

These cases have no application, because the Bank's claim arising out of its payment of the $500 check arose after the death of Struthers, and for that reason is not a proper set-off against the plaintiff's demand. Patton v. Ashworth (Tex.Civ.App.) 67 S.W. (2d) 331, and cases there cited.

In this connection, see the ruling later in this opinion upon appellee's cross-assignment of error.

■ Nor did the court err in refusing to allow the Bank an attorney's fee upon the theory it was a disinterested and impartial stakeholder of funds in controversy between the plaintiff and Mrs. Kinser.

It has disbursed the $500, and as to that demand it defends in its own right. As to the suit upon the certificate, the entire record in this and the lower court plainly shows it is not an impartial stakeholder, but defends in its own behalf, and in behalf of its codefendant, Mrs. Kinser.

The remaining assignments are presented by Mrs. Kinser alone.

■ Complaint is made of the refusal of a new trial upon the ground of newly discovered evidence. In support of same the affidavit of Mrs. Estelline Maust is attached to the motion, from which we quote:

"3. Sometime subsequent to the issuance of a certain certificate of deposit to the said A. D. Struthers by the Texas State Bank & Trust Company of Corpus Christi, Texas, for the sum of $2500.00, the said A. D. Struthers stated, in my presence, that he was giving and he did give the said certificate of deposit to Mrs. H. B. Kinser, telling her at the time to take it and use it for her own purpose; and I know of my own personal knowledge that he did state that the said certificate of deposit was for Mrs. H. B. Kinser".

"5. The said A. D. Struthers, at the same time, told me that he and Mrs. H. B. Kinser were leaving sometime soon for Colorado, and that he and Mrs. Kinser were contemplating getting married, and he invited me to come to Colorado and bring my daughter, who was then suffering with tuberculosis, with me and stay with them, that is, Mr. Struthers and Mrs. Kinser, for a part of the time while there. Mr. Struthers, however, did not live to make the trip, and consequently I did not make the trip there.

"6. I had not, before about the 21st day of January, A.D. 1936, communicated this information to the attorney for Mrs. H. B. Kinser in the case of Harry St. John, Temporary Administrator, vs. Texas State Bank & Trust Company, No. 14260-B the 117th District Court of Nueces County, Texas; nor did I inform Mrs. Kinser of what I knew with reference to the conversation with Mr. Struthers about the $2500. certificate of deposit before the trial of the case, which I understand was on or about the 13th day of January, 1936, and only communicated this information after I had heard the case had been tried."

In Mrs. Kinser's motion for new trial it is stated: "13. This defendant says further, as grounds for new trial on the question of newly discovered testimony of the witness hereinabove referred to, that she, this defendant, did know that soon after the issuance of the certificate of deposit in question, or at least about the time the said A. D. Struthers gave the same to this defendant and transferred the same to her by actual delivery thereof, that the said Mrs. Estelline Maust rode with this defendant and the said A. D. Struthers from Corpus Christi to the home of this defendant, and that the three of them stopped at the home of this defendant, for approximately two hours before taking the said Mrs. Maust on to her home, but that this defendant, who is hard of hearing, did not know that the said Mrs. Maust had heard the conversation with Mr. Struthers, until after the trial of this case, and she had no intimation, and therefore did not know that the said witness would or could testify to the matters set forth in her affidavit, which is attached hereto; that this defendant, in any event, did not know that there would be any controversy as to the documental evidence that she offered in support of her testimony, or that the case would hinge upon the handwriting upon the letter and certificate of deposit, until about the time the case went to trial; that she had never mentioned said witness, or what she would testify to, to her attorney until after she returned home, after the trial, and incidentally met the said witness who then informed her as to what she knew, as set forth in her affidavit; that the said proposed witness lives in Cameron County, Texas; and this defendant resides in Willacy County, Texas."

It is apparent the statement of Struthers to Mrs. Kinser was made in the presence of Mrs. Maust.

**1108**

Under these circumstances it was Mrs. Kinser's duty to inquire of Mrs. Maust concerning the statement made in her presence. Gulf, C. & S. F. Ry. Co. v. Blanchard (Tex.Civ.App.) 73 S.W. 88; Id., 96 Tex. 616, 75 S.W. 6. Her failure to do so shows she was wanting in diligence in procuring the testimony of Mrs. Maust before the trial.

The special exceptions referred to in the 6th and 7th assignments were properly overruled. The allegations against which the exceptions were leveled were material upon the issue of undue influence, and were properly pleaded.

The 8th assignment is overruled for the reason that mere possession alone by Mrs. Kinser of the certificate of deposit, which was a negotiable instrument payable to the order of 'the deceased, was insufficient evidence of title and ownership by Mrs. Kinser. Sloan v. Gilmore (Tex.Civ.App.) 167 S.W. 1089.

This rule has not been changed by the Negotiable Instruments Act (Vernon's Ann. Civ.St. art. 5932 et seq.), Pinkerton v. Kempner (Tex.Civ.App.) 8 S.W.(2d) 555.

The plea of non est factum was properly pleaded in the plaintiff's supplemental petition, rather than in the amended original petition, because it was in avoidance of the matters pleaded by the bank and Mrs. Kinser in their amended original answers. Other questions presented in the 9th assignment are controlled by what has heretofore been said.

Appellee cross-assigns error to that portion of the judgment in the Bank's favor establishing the $500 paid by it on the check for that amount as a claim against the estate. This check was paid after notice to the Bank of Struthers' death.

Appellee's theory is that the check was without consideration and a gift to Mrs. Kinser; that the death of Struthers operated to revoke the authority of the Bank to pay same and the gift never became effective, because not consummated by payment before Struthers' death. This theory has no application to the record as here presented.

In her supplemental petition, plaintiff, with reference to the $500 check, pleaded mental incapacity of Struthers, non est factum, undue influence, and want of consideration.

Of these defenses to the validity of the check only the issue of undue influence was submitted, and that was found in defendant's favor.

The other issues were not submitted, and were therefore waived.

The check is deemed prima facie to have been issued for a valuable consideration. Section 24 of article 5933, R.S. The verified plea by plaintiff impeaching the consideration did not "shift the burden of proof, but merely * * * put the consideration in issue." Newton v. Newton, 77 Tex. 508, 511, 14 S.W. 157, 158.

In the absence of evidence impeaching the same, tthe prima facie presumption of consideration is unimpaired. Hogue v. Williamson, 85 Tex. 553, 22 S.W. 580, 20 L.R.A. 481, 34 Am.St.Rep. 823, and Id. (Tex.Civ.App.) 22 S.W. 762.

In her statement supporting the cross-assignment, appellee points to no evidence impeaching the consideration for the check. If there be such evidence, such defensive issue was waived by appellee by its failure to request submission of the issue.

Upon this record the check evidenced a valid demand in Mrs. Kinser's favor against the deceased. Conceding the authority of the Bank to pay the same was revoked by Struthers'. death, nevertheless upon such payment the Bank was subrogated to Mrs. Kinser's rights.

The question presented by the cross-assignment is therefore without merit.

Affirmed.