## LINDLER v. KIMBALL.

### No. 15333.

Court of Civil Appeals of Texas.
Fort Worth, Texas.
March 28, 1952.

W. J. Mills and Bryce Perkins, of Houston, for appellant.

C. F. Tucker and J. A. Copeland, of Houston, for appellee.

EARL P. HALL, Chief Justice.

Appellee's motion to dismiss appellant's appeal for want of jurisdiction is founded upon premises that appellant did not present to the trial court his amended motion for new trial in accordance with the provisions of our Texas Rules of Civil Procedure.

Judgment was rendered by the trial court on July 20, 1951, in favor of appellee. Appellant filed his original motion for new trial on July 27, 1951, and filed his amended motion for new trial on August 16, 1951. The trial court entered the following order: "On the 14th day of September, 1951, the Amended Motion for New Trial by Plaintiff was formally presented for hearing, without the presence of Counsel for Defendant; and the Court, on its own motion recessed the hearing until Monday, September 17, 1951," and after a hearing on September 17, 1951, at which counsel for appellee was present, the trial court overruled said motion for new trial on September 24, 1951. .

We find from the trial court's order above quoted that appellant presented to the trial court his motion for new trial in due time, to-wit, September 14, 1951.

Appellee's motion to dismiss is overruled. Basham v. Smith, Tex., 233 S.W.2d 297; Bingham v. Kimbrell, Tex.Civ.App., 241 S.W.2d 252; Texas Livestock Marketing Association v. Rogers, Tex.Civ.App., 244 S.W.2d 859.

Appellant George B. Lindler sued appellee E. B. Kimball in a district court of Harris County to enforce payment of a negotiable instrument in the principal sum of $5,000.

Appellee plead many separate defenses to appellant's cause of action, such as:

(1) That the note in question was executed as an accommodation and that appellant was not a holder in due course for value.

(2) The note was delivered conditionally.

(3) That the conditions upon which the note was executed, to-wit, an operational agreement, were fraudulently changed without the consent or knowledge of appellee.

(4) That there was no consideration for execution and conditional delivery of the note in question, and/or that the consideration, if any, therefore had wholly failed.

The trial court, by agreement of parties, submitted one general issue to the jury, which is as follows: "Do you find from a preponderance of the evidence that the plaintiff George B. Lindler should recover of and from the defendant E. B. Kimball, upon the $5,000.00 note sued upon in this case?" to which the jury answered: "We, the Jury, find that the plaintiff George B. Lindler, should not recover."

Accordingly the trial court entered judgment for appellee denying appellant recovery upon the note in question.

Appellant's two points are:

(1) That the court erred in submitting the general issue.

(2) That the evidence is insufficient to support the judgment.

We need not dwell at length discussing these points. Appellant is bound by the stipulation and agreement which his attorney made for him in the trial, in substance, waiving submission of this case to the jury upon special issues and agreeing that the trial court should submit the case to the jury upon the one general issue, supra.

He filed no objections nor exceptions to the way and manner the court submitted the case to the jury, thereby waiving all probable errors, if any. See Rules 271–279, T. R.C.P. Neither did he ask the trial court to submit any definitions or explanatory instructions to the jury, nor did he prepare and present any additional special issues to be submitted to the jury.

We overrule appellant's point one. 3B Tex.Jur., sections 883, 885, and 890.

In discussing appellant's point two, we note in the statement of facts, containing 415 pages, that the evidence is sufficient to support the trial court's judgment. It is not necessary, in order to sustain the judgment, that appellee establish all of the above mentioned defenses, but it is sufficient that the evidence support the jury's verdict and the judgment as to any legal defense plead.

In the early part of 1947, after considerable negotiations between all the parties, George B. Lindler sold the Brown Manufacturing Company, located in Houston, Texas, to James Lloyd Brown, who gave George B. Lindler a note in the amount of $25,000 as consideration for purchase of

said Company. Appellee E. B. Kimball testified that he conditionally executed his note in the sum of $5,000 for the purpose of securing the payment of said $25,000 note, payable on demand to the order of James Lloyd Brown, who, in turn, endorsed the same in blank. The said $25,000 note was further secured by chattel mortgage on the assets of the Brown Manufacturing Company. During the negotiations, there was an operational agreement prepared to be executed by James Lloyd Brown and George B. Lindler. Brown made payments on the $25,000 note until about March 31, 1948. During the next month, Brown notified Lindler that he could no longer continue operation of the Company and desired that Lindler take possession of the property. After Lindler had taken charge of the property, he demanded payment from appellee E. B. Kimball of the $5,000 note in question, and during the same month of April, 1948, Lindler sold the assets of the Company under his chattel mortgage and bought them in for the sum of $14,000.

At the time Kimball executed the $5,000 note, he inquired of Brown and Lindler if the operational agreement between the parties was the same as had been submitted to him for his inspection and approval a few days prior thereto. He was led to believe by them that there had been no changes made.

In the operational agreement as originally drawn, which appellee had read and approved, paragraph two provided that Brown was restricted to a withdrawal account not to exceed $300 per month. This restriction was deleted in the operational agreement as drawn at the time the deal was closed but without the knowledge of appellee. There had also been a change in paragraph five, as originally drawn, reducing the amount of a minimum inventory of finished and unfinished merchandise to be kept on hand from $6,000 to $4,000. This reduction in inventory requirement was also made without the knowledge of appellee.

It is undisputed that all of the written instruments between all the parties pertaining to all agreements were signed contemporaneously and, therefore, should be construed together as though they were contained in one instrument. 6 Tex.Jur., p. 644, sec. 47; Stubblefield v. Cooper, Tex. Civ.App., 37 S.W.2d 818, writ dismissed.

The facts further show that Kimball, in the presence of appellant, delivered the note in question to Brown upon the expressed condition that the operational agreement was the same as the original which he had previously inspected and approved. The condition upon which the note was executed having failed, the instrument would not become payable. Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894.

Appellee Kimball testified that if he had known of the changes made in the operational agreement he would not have signed the note and delivered it to Mr. Brown; that in signing and delivering said note he relied on Lindler's statement made to him that the operational agreement had not been changed.

Then too, the material alteration of the contract as set out, supra, voided the note. The testimony reflects that the $5,000 note in question was referred to in the operational agreement, and it was therein provided, among other things, that Brown should be entitled to the return of Kimball's note when the principal on Brown's $25,000 note was reduced to $15,000. The operational agreement undertook to fix liability of the respective parties, and when these liabilities were changed by the payee and appellant, to the injury of appellee, without his knowledge and consent, such actions relieved him of any liability on the note. The operational agreement, as amended, made an entirely new contract between the parties, to which appellee did not agree. There was no meeting of their minds to the new contract. Art. 5939, R. C.S., sections 124 and 125; 2 Tex.Jur., pages 701–702, sec. 10.

For the reasons stated, the judgment of the trial court is affirmed.