W. S. WELLS, Appellant,

v.

Currie B. DAVIS, Appellee.

No. 3539.

Court of Civil Appeals of Texas.

Waco.

May 28, 1958.

Vernon M. Turner, Houston, for appellant.

Warren P. Cunningham, Jr., Houston, for appellee.

TIREY, Justice.

This is an appeal from a summary judgment. In the decree we find this recital: " * * * and the Court, having heard the pleadings, the affidavits of record in said cause, the argument of counsel and having examined written briefs submitted by the parties, is of the opinion that Plaintiff's motion for Summary Judgment is good and should be sustained" and decreed that plaintiff have judgment against defendant for his debt in the sum of $2,500, with interest on the judgment at the rate of six per cent per annum from date of the judgment, and for costs.

The judgment is assailed on two points. They are:

1) "The Trial Court erred in awarding Plaintiff a Summary judgment as a genuine issue of a material fact was in issue pertaining to the conditional delivery of the check."

2) "The Trial Court erred in awarding a Summary Judgment as the plea of failure of consideration for the check constituted a genuine issue as to a material fact."

Plaintiff went to trial on his original petition. We quote Paragraphs 1 and 2:

"1) On the 21st day of January 1956, defendant executed and delivered his draft, in the sum of Two Thousand Five Hundred ($2500.00) Dollars, dated on such date, drawn on the City National Bank, Houston, Texas, and payable to the order of Robin A. Elverson, Agent, to the said Robin A. Elverson, Agent. By proper endorsement said draft has been endorsed and assigned payable to the order of Plaintiff. A copy of said draft is attached hereto, marked Exhibit 'A', and is hereby referred to and incorporated herein for all purposes.

"2) After receiving said draft Plaintiff presented same to the City National Bank, Houston, Texas, for payment and said bank refused payment and returned the draft, marked 'Insufficient Funds' to Plaintiff. In spite of numerous demands by Plaintiff to Defendant to pay same, Defendant has failed and refused and continues to fail and refuse to pay same to Plaintiff's damage in the sum of Two Thousand Five Hundred ($2500.00) Dollars,"

and he prayed for appropriate relief.

Defendant went to trial on his first amended answer and we quote Paragraphs 3, 4 and 5 thereof:

"3) Subject to the exception aforesaid, Defendant specially denies the allegations contained in Plaintiff's Original Petition, and Defendant says that the draft upon which Plaintiff's pleading is founded is without consideration or that the consideration of the same has failed in whole or in part.

"4) Defendant would further show to the Court that the draft upon which Plaintiff's Petition is based, was payable to the order of Robin A. Elverson, Agent, as partial payment for the consideration of the purchase of Part of Lot 3 and West Part of Lot 4, Block 1, Afton Oaks Addition, City of Houston, Harris County, Texas, pursuant to Earnest Money Contract between Defendant and Plaintiff dated January 21, 1956; that the sale of said property pursuant to said Contract was never consummated, and that the said Robin A. Elverson was directed to hold said check in trust until said sale had been so consummated; and that the said Robin A. Elverson, Agent, and the Plaintiff were advised at the date said Earnest Money Contract was entered into that the draft would not be honored by the Bank upon which the same was drawn until Defendant had sold his residence situated at 2129

Lexington Street, Houston, Texas; and that Defendant never sold his said residence and is, in fact, the present legal owner thereof.

"5) Defendant would further show that plaintiff did not consummate the sale of the aforesaid property to defendant, nor did the said plaintiff demand specific performance thereof, and that plaintiff later sold said property to a third party, and this defendant has reason to believe that the said plaintiff suffered no damages by his having entered into the aforesaid Earnest Money Contract with defendant,"

and he prayed for appropriate relief.

Plaintiff in his motion for summary judgment set out that he sought to recover upon his claim as pleaded in his original petition; that defendant has answered his plea by an unverified pleading denying plaintiff's claim generally, and that the pleadings on file show that plaintiff's claim is liquidated and based upon a written instrument and there is no genuine issue as to any material fact, and that plaintiff is entitled to recover upon his claim as a matter of law.

Plaintiff's affidavit in support of his motion for summary judgment recited in part:

"The attached 'Earnest Money Contract' is the only Earnest Money Contract I have ever executed with the Defendant, W. S. Wells, sometimes known as W. Stone Wells, and is the identical contract, dated January 21, 1956, referred to in Defendant's First Amended Answer and Answer of Defendant to Plaintiff's Motion for Summary Judgment filed by the Defendant herein.

"The transaction evidenced by the said Earnest Money Contract was not consummated because the purchaser, defendant W. S. Wells, refused to consummate same for reasons other than title defects or other reasons set forth in said contract.

"After the execution of said contract, on January 21, 1956, the property described therein was withheld from the market for a period in excess of ninety (90) days."

Article 5933, Sec. 24, Vernon's Ann.Civ. St., provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." See cases there collated.

In appellée's brief we find this statement: "The Texas courts have held that as to checks, these statutes mean exactly what they provide and that a check is deemed prima facie to have been issued for valuable consideration, and in the absence of impeaching evidence, prima facie presumption of consideration is unimpaired." Citing Hogue v. Williamson, 85 Tex. 553, 22 S.W. 580, 20 L.R.A. 481; Texas State Bank & Trust Co. v. St. John, Tex.Civ. App., 103 S.W.2d 1104, 1108; City State Bank in Wellington v. Lummus, Tex.Civ. App., 277 S.W.2d 262 (writ ref. n. r. e.).

This record shows that appellant does not allege anywhere that the contract upon which appellee seeks to recover was obtained by fraud, accident or mistake, or that the written contract contained anything not agreed to between the parties, or that any promise, representation or warranty was omitted from the contract, but alleges only an oral extrinsic agreement with the agent to hold the check until appellant had sold his home. The answer to this contention is that the contract sued upon, among other things, provides: "Purchaser shall have 90 days from date of this contract to sell his home at 2129 Lexington. If no sale is made in the 90 day period Seller agrees to take a $17,500 second lien note for 90 days secured by above described property and Purchaser's present home at 2129 Lexington. Said second lien to be in lieu of $17,500 cash payment." We think the foregoing statement is a complete answer to appellant's contention. Since

appellant grounded his sole relief on the introduction of parol evidence to vary the terms of a written contract, we think this case is ruled by the decision of our Supreme Court in Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97, 98. See, also, cases there cited.

Believing that the trial court correctly decided this cause under the undisputed factual situation here before us, we find that there is no controverted issue between the parties under the written contract; and find that there is no reversible error and the judgment is in all things affirmed.

HALE, J., took no part in the consideration and disposition of this case.