**HEIGHTS SAVINGS ASSOCIATION,**
**Appellant,**

**v.**

**W. W. CORDES et al., Appellees.**

**No. 14993.**

Court of Civil Appeals of Texas.

Houston.

Feb. 23, 1967.

C. B. Stephenson, Houston, for appellant, Kamp, Laswell & Howard, Houston, of counsel.

Fred W. Moore, Thomas O. McWhorter, Houston, for appellees, W. B. Thomas and Edith C. Thomas.

Ira P. and Elliot W. Jones, Murfee, Hoover & Kraft, Karl E. Kraft, Houston, for appellee, H. Volmer Niemann.

J. Donald Stillwell, Houston, for appellee, W. W. Cordes.

COLEMAN, Justice.

This is an appeal from a judgment denying recovery on certain promissory notes. The judgment resulted from a jury finding of conditional delivery of one note by two of the parties and from a finding by the trial court that an alleged alteration of the

other note was made prior to the delivery of the notes to appellant.

There is in the record a partial statement of facts only, consisting of a promissory note payable to appellant executed by appellees, Cordes and Niemann, the collateral assignment to appellant of a note executed by appellees, W. B. Thomas and Edith C. Thomas to Cordes and Niemann, the Thomas note, and a mechanics and materialmen's lien contract securing the Thomas note.

Typed on the Thomas note above the signatures of Mr. and Mrs. Thomas are the words "without personal liability." The jury found that these words were inserted after the note was signed by W. B. Thomas, but before it was signed by Edith C. Thomas. In the judgment the trial court found that there was not a final delivery of the notes to Heights Savings Association before the words "without personal liability" had been added to the Thomas note. The jury found that the Niemann and Cordes note was delivered to a representative of appellant upon the condition that appellant would procure the execution of a promissory note by Mr. and Mrs. Thomas payable to Cordes and Niemann "with such language as would impose personal liability upon" them.

■ In the absence of a statement of facts including the testimony taken at the trial, it will be presumed that the jury findings are supported by the evidence, and that the fact found by the trial court was not in dispute. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (Tex.Sup. 1951).

■ The burden of securing findings of fact sufficient to support a judgment in its favor on the Thomas note was on appellant. The note as it is worded would not permit a personal judgment against its makers. There are no findings of fact that this instrument failed to reflect the agreement of the parties when it was delivered to, and accepted by, appellant, or that appellant was induced to accept the instrument by reason of fraud, accident or mistake. There are no findings that the instrument was altered after delivery either to appellant or to the payees. Since the instrument did not become a binding obligation before delivery, the finding that W. B. Thomas signed it prior to the insertion of the words "without personal liability" is immaterial in view of the further finding that this limitation appeared on the note when it was delivered to appellant. Foster v. Security Bank & Trust Co., 288 S.W. 438 (Tex.Com.App. 1926). In the absence of a statement of facts containing the testimony, we may not speculate on the reason for the insertion of the phrase limiting the liability of Mr. Thomas, the person responsible for adding this phrase, or his authority to make this change in the note.

■ Special Issue No. 3 reads: "Do you find from a preponderance of the evidence that the defendants, Cordes and Niemann, signed and delivered their promissory note dated November 21, 1962, to a representative of Heights Savings Association upon the condition that such Heights Savings Association would procure the execution of a promissory note by the plaintiffs, Mr. and Mrs. Thomas, in the amount of $23,800.00, and payable to the defendants, Cordes and Niemann, with such language as would impose personal liability upon the said plaintiffs?" This issue was answered, "We do". In support of the judgment, we presume that appellant failed to procure the execution of such a promissory note by Mr. and Mrs. Thomas. Since the condition on which the Cordes and Niemann note was delivered was not complied with, the note never became a binding obligation, and the trial court properly refused to enter a judgment based thereon. Lindler v. Kimball, 247 S.W.2d 933 (Tex.Civ.App.—Ft. Worth 1952).

■ Appellant contends that the issue was not a proper submission of the defense of conditional delivery in that the element of mutual intent of the parties was omitted.

There was no objection to the form of the issue, or to the charge for failure to submit this element of the defense. The ultimate issue was properly submitted to the jury. Guaranty Bank & Trust Co. v. Hamacher, 112 S.W.2d 343 (Tex.Civ.App.—Galveston 1938); Bynum v. Peoples State Bank of Turkey, 243 S.W.2d 190 (Tex.Civ.App.—Amarillo 1951).

Appellant requested the trial court to make certain findings of fact as authorized by Rule 279, Texas Rules of Civil Procedure. The trial court was requested to find whether either Cordes or Niemann mutually agreed with appellant that the Cordes and Niemann note was delivered upon a condition. The court declined to make any of the findings of fact requested.

■ Appellant agrees that ordinarily where an issue, necessarily referable to some ground of recovery or defense submitted to the jury, is omitted from the court's charge, it will be deemed found in such manner as to support the judgment rendered by virtue of Rule 279, T.R.C.P. The contention is made, however, that where the court is requested to make written findings and declines to do so, there can be no presumed findings. Rule 279 provides that on request of either party the trial court *may* make written findings on such omitted issues in support of the judgment, "but if no *such written findings* are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment." (emphasis added)

■ By the plain wording of the rule where the court fails to make written findings on an omitted issue, and there is evidence to support a finding favorable to the judgment rendered, the omitted issue will be deemed found in such manner as to support the judgment. The trial court is merely authorized to make findings of fact in such a case; he is not required to do so. If there is no evidence to support á finding on an omitted issue, it cannot be presumed. The trial court is not authorized to make writ-ten findings unless they support the judgment rendered. Cross v. Everybody's, 357 S.W.2d 156 (Tex.Civ.App.—Ft. Worth 1962, error ref., n. r. e.).

■ Appellant says that the trial court erred in admitting testimony that the note was delivered upon a condition. In the absence of a statement of facts, we cannot assume that an objection was made to this testimony. By the terms of the Texas Negotiable Instrument Act parol evidence is admissible in a suit between the parties to a contract to show a conditional delivery. Art. 5932, Sec. 16, Vernon's Ann.Tex.St. Parol evidence was admissible to show conditional delivery in this case since appellant was not a holder in due course. Art. 5935, Sec. 52(1), V.A.T.S.; Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515 (1946).

■ Appellant also asserts that the trial court erred in submitting Special Issue No. 3 over certain objections made by it. Since the transcript does not contain the objections, if any, made by appellant to the court's charge, this point is denied.

Finally, appellant asserts that Cordes and Niemann are liable upon the note because of this provision in the collateral assignment: "The assignor hereby warrants that assignor is the legal owner and holder of the aforesaid collateral note and the liens securing its payment; that the same is entitled to no offsets or credit not shown by the proper endorsement thereon; that the assignor has full and unqualified right and power to assign and pledge said collateral note and the lien securing its payment as set forth herein; and that there is now due and owing on the note collaterally assigned herein the sum of $23,800.00."

■ It seems to be the contention of appellant that since Cordes and Niemann have warranted that they own the Thomas note, that note must have been in existence prior to the time the assignment was executed. From this premise, appellant reasons that since the warranty was part of the assignment of the Thomas note as security for the

Cordes-Niemann note, the Thomas note was executed prior to the delivery of the Cordes-Niemann note. The conclusion is that the Cordes-Niemann note could not have been delivered on the condition that appellant secure the execution of the Thomas note by reason of the parol evidence rule. It was alleged that all these instruments were prepared by an attorney employed by appellant and executed in his office. The evidence might have been conclusive that the collateral assignment was executed and delivered after the note had been delivered conditionally, or it may have been delivered on the same condition. In the absence of a statement of facts, this point of error cannot be sustained.

Appellant has presented other assignments of error which have not been specifically discussed. These assignments have been carefully considered and are denied.

The judgment of the Trial Court is affirmed.