Don SHEPHERD, Appellant,

v.

Peter F. ERICKSON, Appellee.

No. 15094.

Court of Civil Appeals of Texas.

Houston.

May 25, 1967.

Rehearing Denied June 15, 1967.

Wallace T. Sisk, Houston, for appellant.

Fred C. Brigman, Jr., Houston, Brigman, Martin & Smith, Houston, of counsel, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment. Appellee sued appellant, Don Shepherd, on a promissory note in the sum of $50,000.00, dated March 23, 1966, and payable to appellee on demand at The Bank of Texas in Houston, with interest and attorney's fees.

Appellee's affidavit is to the effect that he was still the owner and holder of said note and had many times between September 23, 1966 and November 1, 1966 requested payment of the note, and upon appellant's failure to pay the same he placed the note in the hands of his attorneys for collection and agreed to pay them attorney's fees in excess of the amount provided in said note.

Appellant asserts that the court incorrectly held there was an absence of any genuine issue of fact, and also erred in holding that appellant was entitled to a $5,000.00 credit without also holding that there was a material issue of fact with respect to an extension or deferment of payment of the note under the disputed evidence. In his affidavit appellant stated certain matters leading up to the execution of the $50,000.00 note and alleged that appellee informed him that if he could obtain certain money from a trust, the $50,000.00 note would not be due and payable until the financing involved in the trust was due and payable, even though his note was a demand note. He also stated in his affidavit that on or about October 1, 1966 appellee reiterated that the note was not due and payable in keeping with the over-all financing arrangement under which the note was entered into. He further stated that appellee requested him to make a payment direct to the Fort Worth National Bank in the approximate amount of $5,000.00 which would be offset against the note due appellee when such note was actually due, and that he made such payment of $5,000.00.

At the hearing on the motion for summary judgment, appellee agreed to the allowance of a credit of the $5,000.00 which appellant asserted he had paid, and thereupon the trial court entered summary judgment for the balance of the note plus attorney's fees and interest. Resolving all doubts as to the existence of a genuine issue of material fact against appellee and in favor of appellant, we are of the opinion that the trial court did not err in granting the summary judgment. Since appellee allowed appellant the $5,000.00 credit at the hearing, the only genuine issue of material fact was effectively eliminated. Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929; Wo-

mack v. Allstate Insurance Co., 1956, 156 Tex. 467, 296 S.W.2d 233; Stafford v. Wilkinson, 1957, 157 Tex. 483, 304 S.W.2d 364; Rule 166–A, Texas Rules of Civil Procedure.

■ Appellant's allegations with respect to certain negotiations and agreements leading up to the execution of the $50,000.00 note and particularly those relating to the time of payment of the note would be inadmissible in evidence upon a trial of the case since such allegations clearly constituted an effort on the part of appellant to vary by parol the terms of the written instrument with respect to payment. In Kuper v. Schmidt, 1960, 161 Tex. 189, 338 S.W.2d 948, the court said:

"As pointed out in Helmke v. Prasifka, Tex.Civ.App., 17 S.W.2d 463 (wr. ref.), there is a distinction between a parol condition affecting delivery of a negotiable instrument and one affecting its payment. By the express terms of the Negotiable Instruments Act, delivery upon a condition or for a special purpose only may always be shown as between the immediate parties. Article 5932, Sec. 16; Williams v. Jones, 122 Tex. 61, 52 S.W.2d 256. See also Moser v. John F. Buckner & Sons, Tex.Civ.App., 283 S.W.2d 404 (no writ); Bynum v. Peoples State Bank of Turkey, Tex.Civ.App., 243 S.W.2d 190 (no writ); Hunley v. Garber, Tex.Civ. App., 254 S.W.2d 813 (no writ). On the other hand a parol condition or agreement relating to payment of a delivered instrument is not enforceable if it operates to add to, take from or vary the terms of the written agreement. Helmke v. Prasifka, supra. See also Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581 (no writ)."

See also Super-Cold Southwest Co. v. Elkins, 1942, 140 Tex. 48, 166 S.W.2d 97; Community Savings and Loan Association v. Fisher, Tex.Sup.1966, 409 S.W.2d 546; Wells v. Davis, 314 S.W.2d 406, Tex.Civ. App.1958, no writ history.

■ The allegations that appellee reiterated that appellant's note was not due and payable in keeping with the over-all financing arrangement and that appellee agreed to defer payment of appellant's note until other notes involved were due and payable, and "did so in and for the consideration stipulated above and the terms of the agreement concerning the execution of same," are no more than a repetition of the prior parol arrangement and agreement which appellant claimed preceded the execution of the demand note. Such allegations had to do with only the time of payment of a demand note, and would be inadmissible in evidence on a trial of the case. Appellant does not deny that appellee made demand for payment of the note many times between September 23, 1966 and November 1, 1966. Such latter demand was after the time that appellant contends appellee reiterated that the note was not due and payable.

■ Although appellant asserts that there was a fact issue with reference to an agreement by appellee to defer demand on the note until certain other notes were due and payable by other parties, which latter notes were not due and payable, there is no allegation or contention that payment of the note in question was extended for any definite period of time. The law is well settled that the extension of a note must be for a definite period in order to be enforceable as an extension agreement. Tsesmelis v. Sinton State Bank, Tex.Com.App.1932, 53 S.W.2d 461, 85 A.L.R. 319; Dickson v. Kilgore State Bank, Tex.Com.App.1924, 257 S.W. 867; Crispi v. Emmott, 337 S.W.2d 314, Tex.Civ.App.1960, and authorities cited therein. The mere payment of a part of an obligation that is due and payable is not a consideration for an agreement to extend the time of payment of the balance due on such obligation. Corbett v. Sweeney, 151 S. W. 858, Tex.Civ.App., error ref.; Neyland v. Lanier, 273 S.W. 1022, Tex.Civ.App. 1925.

■ Appellant in his brief asserts that delivery is a question of fact where

the issue is properly raised by the pleadings, and that a conditional or contingent delivery may be shown by parol. In the instant case appellant has failed, however, to show either in his unsworn first amended original answer or in his controverting affidavit that there was no delivery of the note or that there was a conditional delivery thereof, or a delivery which would take effect upon the happening of some contingency. Appellant's pleading consists of a general denial of the allegations of appellee's petition and the allegations in appellee's motion for summary judgment. He has not pleaded any affirmative defenses to the note which, of course, he would have to plead in order to rely thereon. Rule 94, T.R.C.P. The only parol agreement which he attempted to establish related to the time of payment of the note. He thus attempted to vary the written instrument by parol with respect to the terms of payment. This he may not do. Kuper v. Schmidt, supra.

Judgment of the Trial Court affirmed, Associate Justice Coleman not sitting.