Carl LOSSON, Appellant,

v.

Doris L. Boston WHITSON, Appellee.

No. 8594.

Court of Civil Appeals of Texas, Amarillo.

March 22, 1976.

Morehead, Sharp, Tisdel & White, Edward L. Self, Plainview, for appellant.

McWhorter, Cobb & Johnson, Dale H. Johnson, Lubbock, for appellee.

ROBINSON, Justice.

Plaintiff, Carl Losson, filed suit on a check drawn by defendant, Doris L. Boston Whitson, payable to "Carl Losson." The

check was endorsed by and deposited to the account of Carl Losson, Inc., some eleven months after date. At that time payment had been stopped on the check. The trial court sitting without a jury found that defendant tendered the check as an offer, which was not timely accepted, to settle a debt of her father, and that plaintiff was not a holder in due course of the check. From judgment for the defendant, plaintiff Carl Losson appeals. Affirmed.

Carl Losson, Inc. is a Texas family corporation owned by plaintiff Carl Losson and other members of his family. The corporation owned a note payable to it made by one O. J. Lady, the father of the defendant. The face amount of the note was $997.83, and it was dated March 21, 1963. The note was unpaid, and at all times pertinent to this cause of action, the statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5527 (1958), had run.

The evidence shows that plaintiff twice approached defendant, asking her to pay her father's debt. Afterwards on September 21, 1971, defendant went to plaintiff's home and offered to pay him fifty cents on the dollar. Plaintiff rejected the offer, saying he wanted the full amount of the debt, including interest, or none. Leaving plaintiff's home, defendant went to the office of Carl Losson, Inc., where she told two employees she had talked with plaintiff, and that she had come to pay her father's debt. She thereupon made her check payable to "Carl Losson" in the amount of $500 and bearing the notation "For note made in 1963 by O. J. Lady." She left the check at the office and was given the note by one of the employees.

When plaintiff returned to the office that same day, the employee gave him the check. The check was placed in the office safe, where it stayed for approximately eleven months, until August 24, 1972, when Carl Losson, Inc. deposited the check to its account endorsed

> For Deposit Only—
> Carl LOSSON, INC
> Kress, Texas

In this regard, the plaintiff testified as follows:

Q Mr. Losson, when you first found this check, what did you do with it after that time?

A Well, I got to the station and found the check, and there wasn't any agreement for the check to be there so I just laid it back in the safe.

Q Now, at a later date, did you present that check for payment?

A Yes, Doris was fixing to remarry and I thought I would cash the check and kind of get things over with.

The check was returned marked "Payment Stopped." The check was not thereafter endorsed either to plaintiff or in blank and there was no evidence of any transaction whereby plaintiff became the owner and holder of the check after it was returned to the corporation by the bank. Plaintiff filed suit on the check in his individual capacity. Prior to trial defendant tendered to plaintiff the O. J. Lady note which had been delivered to her.

■■■ The evidence supports the trial court finding that the delivery of the check in question was conditioned on its acceptance as settlement of the 1963 O. J. Lady note held by Carl Losson, Inc. Parol evidence is admissible to show conditional delivery of a written instrument when the condition is a condition precedent. See *Campbell Printing Press & Manuf'g Co. v. Powell*, 78 Tex. 53, 14 S.W. 245 (1890); *Shepherd v. Erickson*, 416 S.W.2d 450 (Tex. Civ.App.—Houston 1967, writ ref'd n. r. e.); *Heights Savings Association v. Cordes*, 412 S.W.2d 372 (Tex.Civ.App.—Houston 1967, no writ), and *Guisinger v. Hughes*, 363 S.W.2d 861 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). The evidence also supports the finding that the condition was not met. When the terms of an offer do not specify a time for acceptance, the offer must be accepted within a reasonable time. What constitutes a reasonable time depends on the circumstances and facts of each case. See 13 Tex.Jur.2d Contracts § 17, p. 135, and *Hotel Longview v. Pittman*, 276 S.W.2d 915 (Tex.Civ.App.—Texarkana 1955, writ

ref'd n. r. e.). We do not find that the trial court erred in finding that the proffered settlement was not accepted within a reasonable time. Since plaintiff's offer was not accepted, the check in question was subject to a defense based on its conditional delivery and good against any person not a holder in due course. Tex.Bus. & Comm. Code Ann. § 3.306(3) (1968). *Campbell Printing Press & Manuf'g Co. v. Powell,* supra; *Shepherd v. Erickson,* supra, and *Heights Savings Association v. Cordes,* supra. After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course. Tex.Bus. & Comm.Code Ann. § 3.307(c) (1968).

Plaintiff contends that he is a holder in due course. Tex.Bus. & Comm.Code Ann. § 3.302 (1968) provides in part:

(a) A holder in due course is a holder who takes the instrument

(1) for value; and

(2) in good faith; and

(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

(b) A payee may be a holder in due course.

Plaintiff does not meet the requirement that he took the instrument without notice of the defense to it. His own conversation with the plaintiff preceding the delivery of the check, together with the notation on the check, are ample evidence that he had actual notice of defendant's defense that the check was conditionally delivered subject to acceptance of it as settlement of her father's account. The trial court did not err in finding that plaintiff is not a holder in due course of the check in question.

It is apparent that plaintiff is attempting to disregard the corporate entity. Nevertheless, whether the check was delivered to the corporation or to plaintiff as an individual, the above holdings are dispositive of the case before us. We do not reach appellant-plaintiff's remaining points of error.

The judgment of the trial court is affirmed.