Yousef S. NAWAS, Appellant,

v.

Richard Joseph HOLMES, Appellee.

No. 5581.

Court of Civil Appeals of Texas, Waco.

Sept. 9, 1976.

Joe H. Staley, Jr. and George E. Bowles, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

Gerald T. Waters, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a suit on a note by the payee against the maker. The central question before us is whether there was a conditional delivery of the note by the maker to the payee for a special purpose. Based upon a jury verdict, the trial court held that there was a conditional delivery for a special purpose. We affirm.

Plaintiff-Appellant Yousef S. Nawas brought this suit against Defendant-Appellee Richard Joseph Holmes for Holmes's alleged failure to pay a $67,000.00 note made by Holmes individually payable to Nawas individually. Trial was had to a jury, which found:

(1) That Holmes delivered the note in question to Nawas upon the condition that if the indebtedness reflected in the December 1968 statement of Nawas to Holmes and Sons Tours, Inc. was not paid, (a $66,-820.00 debt) that the note would secure the payment;

(2) That the indebtedness which was related to the note in question was paid in full; and

(4) That Nawas is not indebted to Holmes and Sons Tours, Inc., on the account existing between them.

Pursuant to the jury verdict the trial court entered judgment that Nawas take nothing against Holmes, and that Holmes take nothing against Nawas, from which Nawas appeals.

Appellant asserts error of the trial court in "admitting parol evidence of an agreement which tended to vary the terms of a written promissory note;" in "admitting parol evidence of payment of the note by a third party pursuant to an agreement which was inadmissible," and further contends that there is no evidence to support the jury's answers to Special Issues Nos. 1 and 2 hereinabove. We overrule all of Appellant's points and affirm the trial court's judgment.

Nawas was a resident and citizen of Beirut, Lebanon, and had been in the travel industry since 1949, and at the time of trial was the sole owner of Nawas Tourist Agency which operated twenty offices throughout the world, including three in the United States. Holmes was working for Alitalia Airlines in Lebanon when he met Nawas and later approached Nawas with a proposal that Nawas help underwrite Holmes's starting a travel agency in Dallas, Texas. Nawas advanced $25,000.00 to Holmes for the venture with the understanding that $9,000.00 was for 30% stock ownership in the company and $16,000.00 was a loan; he did not receive a note for this amount. Holmes put up $5,000.00 and was 70% owner of the company's stock. The company's name was Holmes and Sons Tours, Inc., it was headquartered in Dallas, Texas, and business operations commenced in 1968. At the end of the first year of operation, Holmes and Sons Tours, Inc., (hereinafter called "Holmes Agency") was indebted to Nawas in the sum of $66,820.00. The debt came about primarily through business dealings wherein the Holmes Agency sent tour groups to the Mediterranean and Middle East areas, and Nawas arranged and paid for the hotel and other accommodations for such groups. Holmes said the $66,820.00 debt was caused by undercapitalization of the company and the Nawas Agency's increasing prices of services supplied to Holmes's customers after the Holmes Agency had made firm commitments; whereas Nawas contended the debt was caused by bad management on Holmes's part. At any rate, at the end of the 1968 tour season, the Holmes Agency owed Nawas $66,820.00.

Holmes's business required that he travel a great deal. Holmes testified he was afraid that if he were killed in an airplane crash, Nawas would have no way of recovering the money owed to him by the Holmes Agency, so he (Holmes) took out a term life insurance policy on his life. He was advised that since Nawas was not a citizen of the United States, that Nawas could not be made the beneficiary, so he made his wife, Mrs. Patricia Holmes, the beneficiary, and made the note in question to Nawas which would allow him to collect

the money in the event of his (Holmes's) death at a time when the note could not be paid by the Holmes Agency. Holmes testified that the note was blank, that is, a blank promissory note form, when he signed it and that Nawas filled it in later. Nawas denied that it was blank when Holmes signed it. Be that as it may, the note sued upon is shown to be in the principal amount of $67,000.00, dated March 15, 1969, payable on demand, with the rate of interest and place of payment left blank; is payable to Yousef S. Nawas and signed by Richard Joseph Holmes. At the time the note was given, Holmes did not receive any additional consideration. Nawas testified that the note was given in connection with the first year's indebtedness, and that no additional funds or any other consideration was given for the note, except the account indebtedness already incurred.

In May 1970, the Holmes Agency paid Nawas $60,000.00, and in June 1970, the Holmes Agency paid Nawas $30,000.00 on the account. Holmes's testimony is that after these two payments the Holmes Agency had overpaid Nawas by $5573.00, and that the Holmes Agency was at that time in a credit situation. In other words, according to Holmes's testimony the $66,820.00 indebtedness, which was the occasion for the note, had as of June 25, 1970, been paid.

Further charges were incurred in 1970 by the Holmes Agency with Nawas, which Holmes testified were made after the account had been paid as of the June 25, 1970 payment of $30,000.00; however, these charges to the Holmes Agency were more than offset by payments and other credits, so that at the time the Holmes Agency ceased doing business, the account to Nawas was overpaid by $9835.00. Defendant's Exhibit No. 7 was a statement of accounts for the Holmes Agency with Nawas Tourist Agency, which showed total charges against the Holmes Agency of $479,293.00, total credits in favor of the Holmes Agency of $489,127.00, and a balance in favor of the Holmes Agency of $9835.00.

The Defendant specially pleaded that the note in question was delivered to Nawas as a guaranty only of the payment of the indebtedness incurred by the Holmes Agency, and further pleaded payment of the note. As stated, the jury found that the note was delivered to Nawas upon the condition that if the indebtedness reflected in the December 1968 statement of Nawas to the Holmes Agency (the $66,820.00 indebtedness) was not paid, the note would secure payment, and that said indebtedness was paid in full.

Article 3.306 of the Business and Commerce Code of Texas provides, insofar as it pertains to the case at bar, as follows:

"Unless he has the rights of a holder in due course any person takes the instrument subject to

.     .     .     .     .

(3) the defenses of . . . delivery for a special purpose. . . . ."

■ Parol evidence is admissible in a suit between the original parties (as in the case at bar) to show a conditional delivery of the note for a special purpose, and proof of such conditional delivery constitutes a valid defense in law. Article 3.306, Business and Commerce Code of Texas; *Williams v. Jones* (Tex.Com.App.1932) 122 Tex. 61, 52 S.W.2d 256, opinion adopted; *Moser v. John F. Buckner and Sons* (Waco, Tex. Civ.App.1955) 283 S.W.2d 404, no writ; *Heights Savings Ass'n v. Cordes* (Houston 1st, Tex.Civ.App.1967) 412 S.W.2d 372, no writ. Delivery of an instrument is legally regarded as a question of mutual intent and purpose of the parties, and is ordinarily a question for the jury. See *Bynum v. Peoples State Bank of Turkey* (Amarillo, Tex. Civ.App.1951) 243 S.W.2d 190, no writ, and the cases therein cited. There is no liability until the occurrence or performance of the condition, and on failure of the condition, a note conditionally executed and delivery ceases to be payable. 9 Tex.Jur.2d, "Bills and Notes," section 36, p. 47.

■ The thrust of Appellant's argument is that this parol condition concerning the note is one affecting *payment* thereof,

and therefore such parol condition is not admissible or enforceable. We agree that if the parol condition in the case at bar were one affecting payment, that same would be inadmissible. There is a distinction between a parol condition affecting the *delivery* of a written obligation and one affecting its *payment*. The former is enforceable, whereas the latter is not if it operates to add to, take from or vary the terms of the written agreement. *Helmke v. Prasifka* (San Antonio, Tex.Civ.App.1929) 17 S.W.2d 463, writ refused. We believe and hold that the parol condition in the case at bar, to wit, that the note was a guaranty for an indebtedness, was one affecting the *delivery* of the note *for a special purpose*, and that therefore evidence of such parol condition was properly admitted by the trial court. *Helmke v. Prasifka*, supra. Delivery upon a condition or for a special purpose only may be shown by parol evidence as between the immediate parties, as here. *Kuper v. Schmidt* (1960) 161 Tex. 189, 338 S.W.2d 948.

We have carefully reviewed and examined the cases cited by Appellant, and find them to be cases wherein the parol condition was one affecting *payment* of the written obligation, and therefore are not applicable to the case at bar.

In view of our holding that the parol condition was one affecting the delivery of the note for a special purpose, to wit, as a guaranty for a debt, then it was not error for the trial court to admit evidence concerning this parol condition, as it did. Moreover, the evidence is legally sufficient to support the jury's answers to Special Issues Nos. 1 and 2, that is, that the note was delivered by Holmes to Nawas as guaranty for the debt, and that such debt had been paid in full.

Appellant complains of the trial court's admitting evidence of payment of the note by a third party, to wit, the Holmes Agency. We overrule this contention. Payment may be made with the consent of the holder of a note by any person including a stranger to the instrument. Art. 3.603, Business and Commerce Code.

All of Appellant's points have been carefully considered, and are overruled. Judgment of the trial court is affirmed.

AFFIRMED.